[No. S103681. June 23, 2003.]

JAMES PERACCHI, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

David A. Gottlieb; Nuttall Berman Attorneys and Roger T. Nuttall for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, J. Robert Jibson, Anthony L. Dicce and Janine R. Busch, Deputy Attorneys General, for Real Party in Interest.

## OPINION

GEORGE, C. J.—In this case we interpret Code of Civil Procedure section 170.6, subdivision (2).[1] Section 170.6 permits a party in civil and criminal actions to move to disqualify an assigned trial judge on the basis of a simple allegation by the party or his or her attorney that the judge is prejudiced against the party. Various restrictions on the timing of the motion are imposed by this statute, and a party may exercise such a challenge only once

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

during the trial of an action or a special proceeding. A motion that conforms to all the requirements of section 170.6, however, must be granted.

Historically, a challenge could not be filed for the first time after a reviewing court remanded the matter to the trial court. In 1985, however, the Legislature amended section 170.6 to add the following language: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter." (§ 170.6, subd. (2).)

It is the quoted language that we interpret in this case. We must determine whether a party may challenge a trial judge pursuant to section 170.6, subdivision (2) after an appellate court partially reverses a criminal judgment and remands the matter to the trial court for *potential* retrial of the reversed count and for resentencing, in a case in which the prosecutor determines *not* to retry the charge in the reversed count. We conclude that the language of section 170.6, subdivision (2) does not permit a challenge when, following such a remand, the sole task left for the trial court is to resentence the defendant. We reach this conclusion because of the meaning of the statutory term "new trial" in the context of criminal proceedings, and because of the nature of sentencing hearings.[2]

I

A jury found petitioner guilty of two felonies that were committed in Fresno in 1996: reckless driving while eluding a police officer (Veh. Code, § 2800.2) and being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)). In a bifurcated proceeding, the trial court found true the allegations that petitioner had two prior strike convictions (for robbery and burglary). (Pen. Code, § 1170.12.) The court denied petitioner's motion to strike the prior convictions and sentenced petitioner to a term of 25 years to life in prison for the offense of reckless driving while evading a police officer, and to a concurrent term of 25 years to life for the offense of possession of a firearm.

Petitioner challenged the convictions on appeal. Among other contentions, he claimed that the trial court had erred under *Miranda v. Arizona* (1966) 384

---

[2] Our opinion is not intended to suggest that a challenge will not lie after a remand that implicates a defendant's rights pursuant to *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435], where the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490 [120 S.Ct. at p. 2362].)

U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974] by admitting into evidence a statement made by petitioner to the police. The Court of Appeal determined that the error required reversal of petitioner's conviction for reckless driving while evading a police officer, but found the error harmless beyond a reasonable doubt as to the firearm possession count. The court's opinion decreed the following disposition: "The conviction for evading a police officer is reversed. The matter is remanded for retrial on that count, if the prosecutor so elects, and for resentencing. In all other respects the judgment is affirmed." (*People v. Peracchi* (2001) 86 Cal.App.4th 353, 364 [102 Cal.Rptr.2d 921].)

The case was remanded to the superior court and was assigned to the Honorable Lawrence Jones, the judge who had presided at trial. On May 18, 2001, pursuant to section 170.6, petitioner filed a written declaration of disqualification challenging Judge Jones. At a hearing held on May 24, 2001, Judge Jones announced that if the prosecution determined that the reversed count should be retried, the challenge would be granted. If, on the other hand, the prosecution determined not to retry the reversed count and the matter merely required a new sentencing hearing, the challenge would be denied. After the prosecutor stated that the charge of reckless driving while evading a police officer would not be retried, Judge Jones denied the challenge and set the matter for a sentencing hearing.

On June 4, 2001, petitioner filed a petition for writ of mandate in the Court of Appeal, contending that Judge Jones should have been disqualified from presiding at the resentencing hearing. The Court of Appeal issued an alternative writ directing respondent court to vacate its order denying petitioner's disqualification motion or show cause why relief should not be granted. When real party in interest elected to show cause, the Court of Appeal stayed the sentencing hearing.

In a divided decision, the Court of Appeal issued a peremptory writ of mandate directing the superior court to vacate the order denying the disqualification motion and to enter a new order granting the motion. We granted the petition for review filed by real party in interest.

The majority below relied in great part upon two Court of Appeal decisions that assigned a broad meaning to the term "new trial" in the context of *civil* trials. (See *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860 [24 Cal.Rptr.2d 645] [a § 170.6 challenge lay when a judgment in a contract action was reversed in part and remanded for readjudication on a contested issue of fact]; *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572 [284 Cal.Rptr. 495] [same, in partnership dissolution action].) Employing the broad reading of the term "new trial" outlined by these decisions, the

Court of Appeal in the present case declared that "the proper approach is to focus on the function the judicial officer is to perform upon remand, rather than simply the nature of the hearing at issue. Such an approach requires a case-by-case analysis." Because it found that the trial judge would have significant discretion at the resentencing hearing and would have an opportunity to "rehear evidence regarding the appropriate sentence for petitioner and . . . have the opportunity to exercise his discretion in regard to such matters as striking a prior serious or violent felony," the Court of Appeal concluded that "[t]he policy behind section 170.6, to avoid possible bias by a trial judge who has been reversed on appeal, will best be served by interpreting 'new trial' to encompass this resentencing." The Court of Appeal majority emphasized that its holding "is based on what decisions the trial court judge in this case is going to make on remand and not on the general nature of resentencings on remand."

The dissenting justice, however, criticizing the *Hendershot* and *Stegs* decisions, asserted that "nothing in the history of the 1985 amendment . . . suggest[s] the Legislature intended to permit what would essentially amount to bifurcated trials of limited issues." In addition, the dissenting justice concluded, the term "new trial" has a more restrictive meaning in the criminal context than in the civil context. Although section 170.6 applies in both civil and criminal cases, the dissent continued, as applied in the criminal context, a resentencing hearing does not constitute a new trial.

As noted, we granted the petition for review filed by real party in interest. For the reasons stated below, we reverse the judgment of the Court of Appeal.

## II

■ Litigants who establish good cause may disqualify the judge who is assigned to preside over a case. The grounds for disqualification of a judge for cause are set out in detail in the Code of Civil Procedure (see § 170.1), and the procedure to be followed for such a disqualification is set out in section 170.3. As we have observed: "Statutes governing disqualification for cause are intended to ensure public confidence in the judiciary and to protect the right of the litigants to a fair and impartial adjudicator . . . ." (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1070 [103 Cal.Rptr.2d 751, 16 P.3d 166].) ■ In addition to the challenge for cause, another available procedure serves the same goal. Without establishing cause pursuant to sections 170.1 and 170.3, a party may secure the disqualification of a judge on the basis of an affidavit asserting that the party believes the judge is biased. This constitutes the peremptory challenge of a judge set forth in section 170.6.

(*People v. Superior Court (Jimenez*) (2002) 28 Cal.4th 798, 806 [123 Cal.Rptr.2d 31, 50 P.3d 743].)[3]

This court described the basic outline of section 170.6 in *Solberg v. Superior Court* (1977) 19 Cal.3d 182 [137 Cal.Rptr. 460, 561 P.2d 1148]. The statute "provides in substance that any party or attorney to a civil or criminal action may make an oral or written motion to disqualify the assigned judge, supported by an affidavit that the judge is prejudiced against such party or attorney or the interest thereof so that the affiant cannot or believes he cannot have an impartial trial. As hereinafter appears, there are strict limits on the timing and number of such motions; but if the motion is timely and in proper form, the judge must recuse himself without further proof and the case must be reassigned to another judge." (*Id.* at p. 187.) We also explained that the statute reasonably serves the Legislature's evident purpose of "maintaining the appearance as well as the fact of impartiality in the judicial system: the business of the courts . . . must be conducted in such a manner as will avoid even the 'suspicion of unfairness.' " (*Id.* at p. 192.)

■ Section 170.6 requires the challenge to be brought early in the proceedings and declares that "[i]n no event shall any judge . . . entertain the motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there is no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced." (§ 170.6, subd. (2).) It adds: "If the motion is directed to a hearing (other than the trial of a cause), the motion shall be made not later than the commencement of the hearing." (*Ibid.*) If the motion under section 170.6 is presented in a timely fashion and in the proper form, however, a new judge must be assigned "to try the cause or hear the matter," without any requirement of "any further act or proof." (§ 170.6, subd. (3).) Except as otherwise provided by the statute, a party may not file more than one motion under section 170.6 "in any one action or special proceeding." (*Ibid.*)

As we acknowledged in *Solberg v. Superior Court, supra,* 19 Cal.3d 182, the peremptory challenge created by section 170.6 presents the potential for abuse and judge-shopping—on the part of either or both parties. In response to this danger, we pointed out, "the courts of this state have been vigilant to

---

[3]The statute begins: "No judge . . . shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge . . . is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding." (§ 170.6, subd. (1).)

enforce the statutory restrictions on the number and timing of the motions permitted. . . . 'We cannot permit a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial administration.' " (*Solberg*, at pp. 197-198, fn. omitted.)

Despite the statutory provisions requiring that the challenge be brought at an early stage of the proceedings and directing that a party may not bring more than one challenge, in 1985 the Legislature added the language that we must construe in the present case: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (§ 170.6, subd. (2), italics added.)[4]

 The specific question we must answer is whether a sentencing hearing that is conducted on remand after a partial reversal on appeal constitutes in itself a "new trial" within the meaning of section 170.6, subdivision (2). We undertake this task acknowledging that "[t]he fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law." (*People v. Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) As with any question of statutory interpretation, the best indication of legislative intent appears in the language of the enactment. (See *People v. Farell* (2002) 28 Cal.4th 381, 386 [121 Cal.Rptr.2d 603, 48 P.3d 1155].) Further, "we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is a part so that the whole may be harmonized and retain effectiveness.' " (*People v. Pieters, supra*, 52 Cal.3d at p. 899; see also *People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27].)

 The Penal Code defines a new trial as "a reexamination of the issue in the same Court, before another jury, after a verdict has been given." (Pen. Code, § 1179.) Penal Code section 1180 explains that "[t]he granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument . . . ."

---

[4] In 1998, the Legislature further clarified that "[n]otwithstanding [another provision limiting parties to one challenge], the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so." (§ 170.6, subd. (2).)

The court's function at sentencing, however, ensures that resentencing cannot occur "as if no trial had been had." (Pen. Code, § 1180.)[5] Far from being a proceeding at which the trier of fact resolves the issues raised in the case, the sentencing hearing—or resentencing hearing—follows the entry of the verdict and the discharge of the jury, and constitutes the occasion on which the court pronounces the judgment *arising from the verdict.* (Pen. Code, §§ 12, 1191, 1202; Cal. Rules of Court, rule 4.433(c)(5); see also *Apprendi v. New Jersey, supra,* 530 U.S. at p. 479, fn. 4 [120 S.Ct. at p. 2356].) ■ At sentencing, the court's function may include resolution of certain factual issues that relate to the choice of appropriate sentence (subject, of course, to the limitations of *Apprendi v. New Jersey, supra,* 530 U.S. 466), but the court resolves those issues in light of what occurred at trial, including its own impressions of matters such as the defendant's demeanor and conduct at trial. (See *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978 [60 Cal.Rptr.2d 93, 928 P.2d 1171]; see also *In re Lewallen* (1979) 23 Cal.3d 274, 281 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823] ["Legitimate facts may come to the court's attention . . . through the personal observations of the judge during trial"]; 22A Cal.Jur.3d (2000) Criminal Law: Post-Trial Proceedings, § 293, p. 201.) Because of the significance of the trial record and the court's observations at trial, the usual procedure is for the person who served as the trial judge to preside at the sentencing hearing, and this procedure generally is followed in the situation where resentencing is to occur following remand. (See *People v. Strunk* (1995) 31 Cal.App.4th 265, 275 [36 Cal.Rptr.2d 868]; *People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562 [258 Cal.Rptr. 75]; 6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Judgment, § 155, p. 183.) The trial court is considered to be in the best position to conduct the resentencing hearing. The preference for a judge who is well informed about the case serves the interests of both parties, and an alternative practice would impose heavy burdens on scarce judicial resources. Further, in some cases, an express or implied term of a plea agreement may dictate that resentencing take place before the judge who accepted the plea. (See *People v. Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].)

■ As a procedural matter, a remand for resentencing does not necessarily constitute, and is not equivalent to, an order for a new trial. On the contrary, when an appellate court determines that error has occurred below, Penal Code sections 1260 and 1262 grant the reviewing court the authority to select among several dispositions, including but *not limited to* reversal of

---

[5]As the trial court indicated, had the prosecution determined to retry petitioner on the reckless driving count, a new trial on that count would have ensued and the peremptory challenge properly would have been granted. Because the prosecution decided against this course, the only proceeding that was necessary under the remand order was resentencing.

the judgment and the granting of a new trial. A reviewing court's remand for resentencing pursuant to Penal Code section 1260 is but one of these available dispositions and does not necessarily involve (or itself constitute) a reversal of the judgment or order for new trial. Under these statutes, a remand for resentencing is permitted "without the necessity of affording a new trial." (*People v. Matthews* (1999) 70 Cal.App.4th 164, 176 [82 Cal.Rptr.2d 502]; see also 6 Witkin & Epstein, Cal. Criminal Law, *supra*, Criminal Appeal, §§ 167-168, pp. 413-415.)

As a matter of practice, when a reviewing court identifies error relating solely to sentencing, it ordinarily does *not* reverse the judgment of conviction or remand for a new trial. Rather, typically, it simply remands for resentencing. (See, e.g., *People v. Fuhrman* (1997) 16 Cal.4th 930, 944 [67 Cal.Rptr.2d 1, 941 P.2d 1189]; *People v. McGarry* (2002) 96 Cal.App.4th 644, 653 [117 Cal.Rptr.2d 475]; *People v. Trapps* (1984) 158 Cal.App.3d 265, 273 [204 Cal.Rptr. 541].) Even when reviewing courts have found error requiring the reversal of some part of the judgment of conviction, they frequently—as in this case—issue an order that calls for a new trial *if* the prosecutor determines to retry the reversed count or, in the *alternative*, that calls simply for a resentencing hearing in the event the prosecutor decides not to retry the reversed count. (See, e.g., *People v. Edwards* (1985) 39 Cal.3d 107, 118 [216 Cal.Rptr. 397, 702 P.2d 555]; *People v. Jones* (1997) 58 Cal.App.4th 693, 720 [68 Cal.Rptr.2d 506]; *People v. Landis* (1996) 51 Cal.App.4th 1247, 1255-1256 [59 Cal.Rptr.2d 641].)

Such a routine order remanding for resentencing does not necessarily operate even to vacate the original sentence, let alone constitute an order for a new trial—that is, a proceeding at which "the parties [are] in the same position as if no trial had been had" and in which "[a]ll the testimony must be produced anew." (Pen. Code, § 1180.) We have explained that when a reviewing court determines that resentencing is necessary, it may remand the matter for resolution of factual questions without requiring that the defendant once again be arraigned for imposition of judgment and sentencing. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258 [70 Cal.Rptr.2d 334, 949 P.2d 31].) We also have explained that if, after a limited remand involving the sentence, "the trial court decide[s] not to exercise its discretion to modify the original sentence, that sentence would remain in effect, and the defendant need not be resentenced but should be remanded to continue serving the term previously imposed." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 35 [108 Cal.Rptr.2d 625, 25 P.3d 1103], italics omitted.) Even when the trial court on remand exercises its discretion and modifies the sentence, the original sentence is not viewed as void *ab initio* and the defendant's incarceration in state prison under the original sentence is not considered presentence custody. (*Id.* at p. 36.) Accordingly, a remand for resentencing—a

limited order that does not disturb the verdict or even necessarily disturb the judgment and the sentence previously pronounced—is merely one among several alternatives to the granting of a new trial, and does not itself constitute the granting of a new trial.

Moreover, once an actual new trial is granted, such constitutional issues as the defendant's right to trial by jury, to proof beyond a reasonable doubt, and to the protection of the double jeopardy clause are implicated. (See, e.g., *Burks v. United States* (1978) 437 U.S. 1, 18 [98 S.Ct. 2141, 2151, 57 L.Ed.2d 1]; *People v. Hatch* (2000) 22 Cal.4th 260, 272 [92 Cal.Rptr.2d 80, 991 P.2d 165].) When an ordinary sentencing determination is reconsidered in a noncapital case, on the other hand, these rights are not involved and the ensuing proceeding has not been considered as constituting a new or second trial that would be barred by the double jeopardy protection of the state and federal Constitutions. (*People v. Hernandez* (1998) 19 Cal.4th 835, 840, 842-843 [80 Cal.Rptr.2d 754, 968 P.2d 465] [also noting the existence of constitutional protection from "fundamentally unfair sentencing proceedings, including vindictive reconsideration of sentencing issues"].)

There is no indication that, despite the procedural and practical distinctions between a new trial and a resentencing hearing explained above, and the constitutional implications of denominating a hearing a "new trial," the Legislature nonetheless intended that a sentencing hearing on remand be considered a new trial for the purpose of the language added to section 170.6, subdivision (2) in 1985.

We also deem it improbable, in the absence of evidence to the contrary, that the Legislature intended to disturb our reviewing courts' practice of remanding cases for resentencing on the assumption that the trial judge would again preside—and would conduct the resentencing without bias. As noted, just as the trial judge is considered best suited to preside at the initial sentencing hearing, so too is he or she viewed as best situated to perform the function of sentencing on remand, by selecting the appropriate sentence in light of the circumstances established at trial and in light of the defendant's record. Even though reviewing courts possess authority to specify that proceedings on remand be conducted by a judge other than the one who imposed judgment, they rarely do so. With respect to sentencing error in particular, "the statutory power of appellate courts to disqualify sentencing judges should be used sparingly and only where the interests of justice require it." (*People v. Gulbrandsen, supra,* 209 Cal.App.3d at p. 1562.)

As the court explained in the *Gulbrandsen* case, "[d]isqualification may be necessary where the sentence of the original judge indicates an animus

inconsistent with judicial objectivity. It may also be called for where the judge's failure to follow the sentencing rules suggests a whimsical disregard of the sentencing scheme that is incompatible with a judicial effort to comply with its complex terms. But mere sentencing error, given the complexity of the determinate sentencing scheme, does not justify removing the trial judge; a mere failure to comply with its requirements cannot be said to reflect a lack of objectivity implicating the interests of justice. Nor would sentence reversal in such a case be likely to cause the sentencing court to lose its objectivity." (*People v. Gulbrandsen, supra,* 209 Cal.App.3d at p. 1562, fn. omitted.) Another court has agreed that "mere judicial error is not conclusive evidence of bias or grounds for disqualification [for cause], and this has been held particularly true in cases of sentencing error . . . ." (*People v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1231 [58 Cal.Rptr.2d 165] [rejecting the prosecution's request that the case not be remanded to the trial judge, who had placed the defendant on probation]; see also *People v. Lewis* (1990) 50 Cal.3d 262, 287 [266 Cal.Rptr. 834, 786 P.2d 892] [stating the preference that the trial judge rehear the application for modification of verdict occasioned by this court's remand in a capital case]; *People v. Crew* (1991) 1 Cal.App.4th 1591, 1608, fn. 13 [2 Cal.Rptr.2d 755] [rejecting the request of the prosecution that a case remanded for reconsideration of an automatic motion to modify the jury's verdict of death be remanded to a judge other than the trial judge].) We do not find any indication in the language of section 170.6 that the Legislature intended to alter this practice when it amended the statute in 1985.

In sum, unlike the situation in which a new trial is ordered, when resentencing is all that is required, the parties are not placed in the same position as if there had been no trial. The criminal charges need not be refiled. The parties at an ordinary resentencing hearing do not, as Penal Code section 1180 provides with regard to the granting of a new trial, proffer new evidence on the issues decided by the verdict, nor does the court disregard the original verdict. Rather, unlike the situation of a new trial, where a resentencing hearing is ordered the original trial judge is in the best position to preside, because he or she must exercise sentencing discretion on the basis of the preexisting trial record and verdict. The potential for bias is not great, and in any event is restricted by state constitutional limits on the imposition of an aggregate sentence lengthier than that originally imposed. (See *People v. Hanson* (2000) 23 Cal.4th 355, 357, 360 & fn. 3 [97 Cal.Rptr.2d 58, 1 P.3d 650].) Taking into consideration the applicable statutes, prior court practice, the function of a sentencing hearing, and the limited effect on the judgment of a reviewing court's order remanding for resentencing, we

conclude that resentencing is not a "new trial" within the meaning of the Penal Code or Code of Civil Procedure section 170.6.[6]

In reaching a contrary conclusion, the Court of Appeal majority in the present case relied upon two civil cases. In one of these cases, the trial court, determining that the defendants had breached a partnership agreement in several respects, entered a judgment in favor of the plaintiff. On appeal, the Court of Appeal affirmed the judgment in part, but reversed in part because the trial court had erred in admitting certain evidence. The appellate court remanded the matter with directions " 'to afford defendants . . . an opportunity to present evidence as to the circumstances under which the parties entered into the written partnership agreement.' " (*Stegs Investments v. Superior Court, supra,* 233 Cal.App.3d at p. 574.)

On remand, the matter was assigned to the original trial judge. Pursuant to section 170.6, subdivision (2), the defendants moved to disqualify the judge, who rejected the disqualification motion on the ground that the matter had been remanded only to address a single issue and not for a complete new trial. The Court of Appeal disagreed and issued a peremptory writ of mandate directing the court to vacate its order. The appellate court explained that section 170.6, subdivision (2) had been amended in 1985 specifically to permit a challenge when a trial judge has been assigned to retry a case that has come before him or her on remand after the judgment was reversed. The Court of Appeal declared: "The concern expressed by the proponents of the 1985 amendment was that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial." (*Stegs Investments v. Superior Court, supra,* 233 Cal.App.3d at pp. 575-576.) The court quoted a legislative committee analysis that described the amendment as " 'intended to permit a party to challenge a judge who had been assigned to conduct the "new trial" of the case in which his or her decision was reversed on appeal. The term "new trial" is intended to cover situations where *the case is to be re-tried* and not merely remanded with instructions to perform some specific task (e.g., recalculate interest).' " (*Id.* at p. 576, italics added.)

The appellate court in the *Stegs* case determined that a section 170.6 challenge may lie on remand even if the case is to be retried on a limited

---

[6]In *People v. Letteer* (2002) 103 Cal.App.4th 1308 [127 Cal.Rptr.2d 723], the Court of Appeal agreed with a defendant's assertion that he was entitled to withdraw his guilty plea pursuant to *Arbuckle* (*People v. Arbuckle, supra,* 22 Cal.3d 749) because, at a resentencing hearing on remand, the prosecution exercised a peremptory challenge against the trial judge. The Court of Appeal assumed that a peremptory challenge would lie at a resentencing hearing. This assumption, as we have shown, was not well founded, and we disapprove *People v. Letteer, supra,* 103 Cal.App.4th 1308, to the extent it is inconsistent with our opinion.

issue. "The legislative history of the 1985 amendment suggests that the applicability of that section does not turn on whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them." (*Stegs Investments v. Superior Court, supra,* 233 Cal.App.3d at p. 576.) The court contrasted mere ministerial duties on remand with "an actual retrial," concluding that a 170.6 motion would lie as to the latter "even if that trial involves only one issue . . . ." (233 Cal.App.3d at p. 576.)

The other case relied upon by the Court of Appeal majority in the present case is *Hendershot v. Superior Court, supra,* 20 Cal.App.4th 860. In that case, after a court trial, a $35,012 judgment was entered against a corporation and an individual. The court also awarded punitive damages against the individual defendant. On appeal, the reviewing court reversed the judgment as to the individual defendant but affirmed the judgment against the corporation. The individual defendant sought restitution from the plaintiff because that defendant already had paid the amount of the judgment against him. The Court of Appeal declined to act on the application for an order of restitution and remanded the case to the trial court for decision, noting that " '[t]here are questions of fact to be resolved by the trial court, including whether amounts paid by [the individual defendant] were on his own behalf or on behalf of [the] Corporation.' " (*Hendershot v. Superior Court, supra,* 20 Cal.App.4th at p. 862.) The individual defendant made a motion for restitution in the trial court and, learning that the matter would be assigned to the original trial judge, filed a challenge pursuant to section 170.6. The trial court rejected the challenge as untimely and "[t]he case was set for trial on the remanded issues." (*Hendershot v. Superior Court, supra,* 20 Cal.App.4th at p. 862.)

The Court of Appeal determined that its remand order contemplated a "new trial" as that term is used in section 170.6, subdivision (2). (*Hendershot v. Superior Court, supra,* 20 Cal.App.4th at p. 863.) That court joined the court in *Stegs* in finding that the apparent purpose of the 1985 amendment was to reach cases "in which the trial judge might be perceived as holding a bias against the party that had successfully pressed the appeal that led to reversal of the earlier judgment." (*Id.* at p. 864.) The appellate court examined the meaning of the term "new trial" in section 170.6, subdivision (2), noting that the statute itself does not define the term. The court—presented with a civil case—turned to the Code of Civil Procedure for a general definition of the term "new trial." That code defines a new trial as "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." (§ 656.) The quoted statute has been construed quite broadly. (See *Carney v. Simmonds* (1957) 49 Cal.2d 84, 88-91 [315 P.2d 305].) Pointing out that its remand order involved "a contested issue in

which trial court discretion or fact determination is involved," as well as retrial of one of the contested issues in the original trial, the Court of Appeal in the *Hendershot* case liberally construed section 170.6 to permit the challenge. (*Hendershot v. Superior Court, supra,* 20 Cal.App.4th at p. 865.)

The Court of Appeal majority in the present case distilled from these two cases the principle that when, in a particular case, a remand order vests discretion in the trial court and includes a potential for factfinding, the order contemplates a new trial and the parties should be permitted to challenge the trial judge pursuant to section 170.6, subdivision (2). Petitioner, like the Court of Appeal majority, agrees with the decisions in the *Stegs* and *Hendershot* cases and argues that, for the purpose of determining whether a remand is for the purpose of a "new trial" within the meaning of section 170.6, subdivision (2), the critical issue is the function of the court on remand. Sentencing, petitioner observes, is not a ministerial duty. The particular resentencing decision in his own case, he urges, calls for the exercise of discretion and the determination of disputed factual issues. He points out that at his original sentencing hearing, witnesses testified over a period of two days, and he asserts he intends to present additional evidence at the resentencing hearing in support of his position.[7]

We do not believe that the *Stegs* and *Hendershot* cases support the conclusion that, in a remanded criminal case in which resentencing alone remains to be performed, the authority to exercise a section 170.6 challenge should hinge upon a case-by-case analysis of the level of discretion to be exercised by the judge and the degree of factfinding in which the judge will be engaged. We believe it is clear that a resentencing hearing in a criminal case does not constitute a new trial.[8] The Penal Code contains its own definition of the term "new trial"—a definition that, as we have seen, does not encompass a remand for resentencing. Section 170.6 certainly applies both to civil and criminal cases, and we do not consider current practice in civil and criminal courtrooms in order to "selectively apply the various provisions of section 170.6, depending on whether a case is criminal or civil." (*People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1184 [17

---

[7]Petitioner would have us examine other provisions of the Code of Civil Procedure for guidance. Noting that section 170.5 sets forth definitions that apply to challenges for cause, he refers specifically to section 170.5, subdivision (f), which defines the term "proceeding" to mean "the action, case, cause, motion, or special proceeding to be tried or heard by the judge." He contends that the term "proceeding" should carry this meaning for the purpose of a peremptory challenge, just as it does for a challenge for cause. Even were we to assume that this claim has merit, we do not believe that it advances our understanding of the term "new trial"—the term whose meaning we believe is critical to the resolution of the case before us.

[8]As noted, our opinion does not suggest a peremptory challenge would not lie after a remand that implicates a defendant's rights pursuant to *Apprendi v. New Jersey, supra,* 530 U.S. 466.

Cal.Rptr.2d 815, 847 P.2d 1031].) On the other hand, we do not believe that the Legislature contemplated that what constitutes a new trial in a criminal case for the purposes of section 170.6 would be defined by the law in civil cases—especially when a specific Penal Code section defines the term "new trial." We do not perceive any anomaly in the Legislature's intent that the term "new trial" be applied for disqualification purposes as that term is defined either by the Code of Civil Procedure or by the Penal Code, depending on the nature of the case—particularly when new trials in criminal cases implicate constitutional and other issues that normally are not present when a new trial is ordered in a civil case.

In addition, a defendant's interest in a full and fair sentencing hearing usually is best served when the hearing is presided over by the same judge who heard the evidence at trial. (See *People v. Strunk, supra,* 31 Cal.App.4th at p. 275; *People v. Gulbrandsen, supra,* 209 Cal.App.3d at p. 1562.) A conclusion contrary to the one we reach today actually could harm defendants, should the prosecution be permitted to challenge a judge it regards as too lenient. Further, it may be an implied term of a plea agreement that the judge who accepted the plea also preside at sentencing—and at any resentencing hearing. (See *People v. Arbuckle, supra,* 22 Cal.3d at pp. 756-757.) We have not discovered any indication in the language of section 170.6, subdivision (2) or in the legislative history of the 1985 amendment that the Legislature intended to permit the prosecutor to defeat this interest of the defendant by challenging the judge under section 170.6 when the reviewing court has remanded for resentencing.

Petitioner and the majority in the Court of Appeal both refer to the asserted purpose of the language added to section 170.6, subdivision (2) by the 1985 amendment and conclude that the Legislature intended to protect, in *all* circumstances, parties who have prevailed on appeal from the presumed ire or potential bias of trial judges whose rulings have been reversed. Petitioner relies on *Stegs, Hendershot,* and other civil cases for the proposition that a section 170.6 challenge should be permitted at any hearing in which there is *any* potential for bias. He quotes a relatively recent civil case: "Assuming, as the Legislature did, that a judge may react with a certain pique to the negative treatment of his or her decisions by an appellate court, this situation [partial reversal of a trial court's grant of summary judgment] is obviously one in which the potential for bias exists." (*Stubblefield Construction Co. v. Superior Court* (2000) 81 Cal.App.4th 762, 766 [97 Cal.Rptr.2d 121], fn. omitted.)

The legislative history of the 1985 enactment does not support the assertion that the Legislature intended to permit a section 170.6 challenge at *any*

hearing on remand in a criminal case that calls for the exercise of trial court discretion. Even the *Stegs* decision and the legislative history it quotes describe the term "new trial" as referring to " 'situations where the case is to be re-tried' "—a situation that is not presented when the court's only function on remand is to conduct a new sentencing hearing. (*Stegs Investments v. Superior Court, supra,* 233 Cal.App.3d at p. 576.) Petitioner's assertion also is incompatible with the evolution of the 1985 amendment as it passed through the Legislature. Initially, the language of the proposed amendment apparently would have applied to any hearing on remand, but that language was amended to refer instead to cases in which the trial judge was assigned to conduct a *new trial.* (Compare § 170.6, subd. (2), with Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as introduced Mar. 4, 1985, § 1 [stating that following reversal of a trial court's decision, a challenge may be made "upon assignment of the trial judge in the prior proceedings to rehear the matter"].)

Like other appellate courts, we anticipate little risk that a trial judge whose order has been reversed on appeal will perform the resentencing function in a biased manner in reaction to the reversal. (See, e.g., *People v. Gulbrandsen, supra,* 209 Cal.App.3d at pp. 1562-1563.) As noted, if the reversal is required by reason of sentencing error, the technical and complex nature of the sentencing law renders the error understandable and not particularly embarrassing to the judge. Moreover, in another circumstance that distinguishes criminal from civil trials, it is very significant that the state Constitution greatly circumscribes the power of the trial judge on remand to impose a harsher aggregate sentence at the resentencing hearing. (See *People v. Hanson, supra,* 23 Cal.4th at pp. 357, 360 & fn. 3.) We also observe that the reviewing court has authority, either on its own motion or at the request of a party, to order that sentencing take place before another judge when the defendant's interest in sentencing by the trial judge is outweighed by the potential that the trial judge will be biased. (§ 170.1, subd. (c).)

Protecting parties from the bias that a trial judge might exhibit after a reversal is a laudable goal, but one that does not take precedence over every other element of a fair trial. There is no indication that the Legislature intended section 170.6, subdivision (2) to permit a peremptory challenge whenever there exists even a *potential* for bias arising out of a judge's reaction to being reversed on appeal, especially when permitting such a challenge would contravene other statutory provisions. (See, e.g., *People v. Superior Court (Jimenez), supra,* 28 Cal.4th at p. 806 [applying the Pen. Code, § 1538.5, subd. (p) requirement for remand to the original trial judge, despite the filing of a § 170.6 challenge in that case].) Accordingly, we cannot agree with petitioner and the Court of Appeal majority that a section 170.6 challenge will lie whenever the potential exists that a judge who is called upon to exercise discretion might react adversely to a reversal.

Petitioner also urges that section 170.6 is to be liberally construed and that "the trend is to grant relief unless absolutely forbidden by statute." (*People v. Superior Court (Maloy)* (2001) 91 Cal.App.4th 391, 395 [109 Cal.Rptr.2d 897].) He refers specifically to a recent decision holding that a peremptory challenge will lie to disqualify a trial judge on remand when the Court of Appeal has reversed the judge's dismissal of the complaint on the basis of the expiration of the statute of limitations. (*Ibid.*) In reaching this decision, the Court of Appeal relied primarily upon a *civil* case that held that a section 170.6 motion will lie on remand following the reversal of a grant of summary judgment, and on the *Stegs* and *Hendershot* decisions.

Without examining the correctness of the Court of Appeal's holding in *People v. Superior Court (Maloy), supra,* 91 Cal.App.4th 391, we observe that the appellate court in that case placed undue reliance on civil law and failed to recognize the significant differences between civil and criminal law as they relate to new trials. Further, *Maloy* contemplated a proceeding in which the trier of fact eventually would resolve the issues without reference to any previous verdict, clearly distinguishing that case from a case involving a resentencing hearing. Finally, with respect to the assertion that section 170.6 must be given a liberal construction, our own cases have observed that because of the dangers presented by judge-shopping—by either party—the limits on the number and timing of challenges pursuant to this statute are vigorously enforced. (See *Solberg v. Superior Court, supra,* 19 Cal.3d at p. 197.) We do not believe that the 1985 amendment of section 170.6, subdivision (2) was intended to eliminate all restrictions on the challenge or to counter every possible situation in which it might be speculated that a court could react negatively to a reversal on appeal.

Our conclusion avoids entangling courts in constitutional questions that are unique to criminal trials and that could arise if a resentencing hearing were to be considered a new trial. The conclusion we reach also avoids the obvious practical difficulties that would be imposed by the decision of the Court of Appeal—a mandatory case-by-case analysis of the question whether a particular sentencing hearing on remand will involve the exercise of trial court discretion sufficient to qualify the proceeding as a new trial within the meaning of section 170.6, and a burdensome requirement that a new sentencing judge reexamine the factual basis for the verdict in order to perform his or her sentencing function.

## III

For the foregoing reasons, the judgment of the Court of Appeal is reversed.

Kennard, J., Werdegar, J., Chin, J., Brown, J., Moreno, J., and Perluss, J.,* concurred.

Petitioner's petition for a rehearing was denied September 10, 2003. Baxter, J., did not participate therein.

*Presiding Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.