Filed 4/7/23 Hernandez v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ARMONDO HERNANDEZ,<br><br>Petitioner,<br>v.<br>THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,<br><br>Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | C096392<br><br>(Super. Ct. No. STKCRFE20090008905) |

After a 2009 shooting, a jury convicted defendant Armondo Hernandez of second degree murder and assault with a deadly weapon and found true allegations that a principal intentionally discharged a firearm and that the crimes were committed for the benefit of a criminal street gang. The trial court sentenced defendant to a determinate term of 14 years four months in prison consecutive to an indeterminate term of 40 years to life. This court affirmed the judgment. (*People v. Hernandez* (Mar. 8, 2016, C068079) [nonpub. opn.].)

1

Defendant subsequently filed a petition for resentencing pursuant to Penal Code section 1172.6 (formerly section 1170.95).[1] The trial court denied the petition. This court reversed the trial court's order and remanded for a new section 1172.6, subdivision (d)(3) hearing. (*People v. Hernandez* (Aug. 9, 2021, C091247) [nonpub. opn.].) The California Supreme Court granted the Attorney General's petition for review (*People v. Hernandez*, review granted Oct. 27, 2021, S270663) and transferred the case back to this court to reconsider the cause in light of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551), which amended section 1172.6. (*People v. Hernandez* (S270663) vacated & trans. Dec. 22, 2021.) This court again reversed the trial court's order and remanded for a new section 1172.6, subdivision (d)(3) hearing. (*People v. Hernandez* (Feb. 28, 2022, C091247) [nonpub. opn.].)

On remand, the case was assigned to the judge who presided at trial and who denied defendant's section 1172.6 petition. Defendant moved to disqualify the judge pursuant to Code of Civil Procedure section 170.6, subdivision (a)(2). The judge denied the motion to disqualify.

Defendant then filed a petition for writ of mandate with this court (C096392), which this court denied. The California Supreme Court granted defendant's petition for review, transferred the matter back to this court with directions to issue an order to show cause, and stayed proceedings in the trial court. (*People v. Hernandez* (S276036) vacated & trans. Sept. 21, 2022.) We issued an order to show cause.

## DISCUSSION

Defendant asks us to order the trial court to grant his Code of Civil Procedure section 170.6 motion to disqualify the trial court judge. Our review of the trial court's

---

[1] Undesignated statutory references are to the Penal Code.

2

denial of the motion is de novo. (*Andrew M. v. Superior Court* (2020) 43 Cal.App.5th 1116, 1124.)

## A

Section 1172.6 provides a mechanism for a person convicted of felony murder or murder under a natural and probable consequences theory to seek resentencing. (*People v. Gentile* (2020) 10 Cal.5th 830, 853, abrogated on another point as noted in *People v. Hola* (2022) 77 Cal.App.5th 362, 370.) The petition is filed with the court that sentenced the petitioner. (§ 1172.6, subds. (a), (b)(1).) "If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition." (§ 1172.6, subd. (b)(1).)

Code of Civil Procedure section 170.6, subdivision (a)(2) permits a party in a civil or criminal action to move to disqualify a judge, based on an allegation that the judge is prejudiced against the party, "following reversal on appeal of a trial court's decision . . . if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (Italics added.)

## B

Defendant contends every section 1172.6, subdivision (d)(3) hearing constitutes a new trial within the meaning of Code of Civil Procedure section 170.6. The People counter that section 1172.6 contains a same judge rule, and a section 1172.6, subdivision (d)(3) evidentiary hearing is not a new trial.

Section 1172.6 requires the judge who originally sentenced the petitioner to hear a section 1172.6 petition for resentencing unless that judge is not available. (§ 1172.6, subd. (b)(1); *People v. Santos* (2020) 53 Cal.App.5th 467, 474.) The same judge rule ensures that a judge already familiar with the relevant facts, evidence and law considers whatever new or additional evidence or arguments the parties make in determining the petitioner's entitlement to relief under section 1172.6. (*Santos,* at p. 474.; see *People v. Rodriguez* (2016) 1 Cal.5th 676, 690.) In his reply to the return, defendant argues

3

section 1172.6 does not address which judge must hear a resentencing petition where the order denying the petition is reversed on appeal and the case is remanded. But even if that is correct, this court's remand order for a new section 1172.6, subdivision (d)(3) hearing does not call for a new trial within the meaning of Code of Civil Procedure section 170.6, subdivision (a)(2).

Code of Civil Procedure section 170.6, subdivision (a)(2) does not define the words "new trial." However, in *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245 (*Peracchi*), the California Supreme Court construed those words in the context of a criminal action. The question in that case was whether "a party may challenge a trial judge pursuant to section 170.6, subdivision [(a)](2) after an appellate court partially reverses a criminal judgment and remands the matter to the trial court for *potential* retrial of the reversed count and for resentencing, in a case in which the prosecutor determines *not* to retry the charge in the reversed count." (*Peracchi,* at p. 1249, original italics.)

The Supreme Court said what constitutes a new trial in a criminal case for the purposes of Code of Civil Procedure section 170.6 is not defined by the law in civil cases. (*Peracchi, supra*, 30 Cal.4th at p. 1261; *Mendoza v. Superior Court* (2021) 65 Cal.App.5th 988, 991, 998.) Instead, the Supreme Court referenced the Penal Code definition of a new trial: " 'a reexamination of the issue in the same Court, before another jury, after a verdict has been given.' " (*Peracchi,* at p. 1253.) It noted that a new trial in such a context " 'places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument . . . .' " (*Ibid.*)

The Supreme Court explained that when a matter is remanded for resentencing, the trial court does not proceed as if there had been no trial. (*Peracchi, supra*, 30 Cal.4th at pp. 1254, 1257-1258.) The trial court resolves factual issues relating to the choice of an appropriate sentence in light of what occurred at trial. (*Id.* at p. 1254.) "The parties at

4

an ordinary resentencing hearing do not . . . proffer new evidence on the issues decided by the verdict, nor does the court disregard the original verdict. . . . [T]he original trial judge is in the best position to preside, because he or she must exercise sentencing discretion on the basis of the preexisting trial record and verdict. The potential for bias is not great, and in any event is restricted by state constitutional limits on the imposition of an aggregate sentence lengthier than that originally imposed." (*Id.* at pp. 1257-1258.) Taking into consideration the applicable statutes, prior court practice, the function of a sentencing hearing, and the limited effect on the judgment of a reviewing court's order remanding for resentencing, the Supreme Court concluded that resentencing is not a new trial within the meaning of the Penal Code or Code of Civil Procedure section 170.6. (*Peracchi,* at pp. 1257-1258.) The Court rejected the proposition that application of Code of Civil Procedure section 170.6, subdivision (a)(2) in a criminal case depends on a case-by-case analysis of whether the trial court is called to exercise discretion or determine disputed factual issues. (*Peracchi,* at pp. 1260-1262.)

Defendant contends that a section 1172.6, subdivision (d)(3) hearing is no different from a trial because the prosecution must prove beyond a reasonable doubt that the petitioner is guilty of murder under the law as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.). It is true that at a subdivision (d)(3) hearing, the prosecution must prove beyond a reasonable doubt that the petitioner is ineligible for resentencing and the parties may present additional evidence. (§ 1172.6, subd. (d)(3).) But a section 1172.6, subdivision (d)(3) hearing is not a criminal prosecution. (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 588; *People v. Silva* (2021) 72 Cal.App.5th 505, 520.) It is " 'a legislative "act of lenity" intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to applicable criminal laws . . . .' " (*People v. Flint* (2022) 75 Cal.App.5th 607, 618; see *People v. James* (2021) 63 Cal.App.5th 604, 609.) Accordingly, unlike a new trial, which implicates certain constitutional protections such as the right to a jury trial, a proceeding under section 1172.6 does not involve those

5

constitutional guarantees. (*Mitchell,* at pp. 588-589; *Flint,* at p. 618; see *Peracchi, supra*, 30 Cal.4th at p. 1256 [making the same observation about an ordinary sentencing determination].)

Although the circumstances in *Peracchi* are not identical to those in this case, the decision nevertheless provides helpful guidance. In conducting a section 1172.6, subdivision (d)(3) hearing, the trial court may look at the record of conviction for the purpose of determining whether the petitioner is entitled to relief under the law as amended by Senate Bill No. 1437. (See *People v. Lewis* (2021) 11 Cal.5th 952, 971.) The parties are not placed in the same position as if no trial had occurred, they are not required to produce all testimony anew, and they are not foreclosed from using the jury's verdicts or findings, as happens when a new trial is granted in a criminal action. (§§ 1172.6, subd. (d)(2), (3); 1180.) In particular, a trial court is bound by a jury's prior finding that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony. (§ 1172.6, subd. (d)(2).) The trial court may consider evidence previously admitted so long as it is admissible under current law. (§ 1172.6, subd. (d)(3).) It may consider the procedural history recited in any prior appellate opinion. (*Ibid.*) Although the prosecutor and the petitioner may offer new or additional evidence, they are not required to produce evidence previously presented at the trial. (*Ibid.*)

Because this court's remand order did not call for a new trial within the meaning of Code of Civil Procedure section 170.6, the trial court properly denied defendant's motion to disqualify. Our conclusion serves the policies articulated in *Peracchi* in that it "avoids entangling courts in constitutional questions that are unique to criminal trials and that could arise if a resentencing hearing were to be considered a new trial. . . . [It] avoids the . . . practical difficulties . . . of . . . a mandatory case-by-case analysis of the question whether a particular sentencing hearing on remand will involve the exercise of trial court discretion sufficient to qualify the proceeding as a new trial within the meaning

6

of [Code of Civil Procedure] section 170.6, and a burdensome requirement that a new sentencing judge reexamine the factual basis for the verdict in order to perform his or her sentencing function." (*Peracchi, supra*, 30 Cal.4th at p. 1263.)

## DISPOSITION

The petition for writ of mandate is denied. The stay of proceedings is vacated upon finality of this opinion.

/S/

MAURO, Acting P. J.

We concur:

/S/

KRAUSE, J.

/S/

McADAM, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.