Filed 7/28/23  P. v. Guerrero CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B321032 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA126680) |
| v. | |
| DAVID PAUL GUERRERO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Eleanor J. Hunter, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2017, defendant and appellant David Paul Guerrero was convicted of two counts of murder with special circumstances and sentenced to two terms of life without the possibility of parole, plus consecutive terms of 25 years to life as to each murder count pursuant to Penal Code section 12022.53, subdivisions (d) and (e)(1). While defendant's direct appeal was pending, Senate Bill 620 (2017–2018 Reg. Sess.) went into effect, amending section 12022.53 to grant discretion to trial courts to strike or dismiss a firearm use enhancement in the interest of justice (Stats. 2017, ch. 682, § 2).

In 2019, we affirmed defendant's conviction. (*People v. Guerrero* (July 23, 2019, B284001) [nonpub. opn.].) Because of the passage of Senate Bill 620, we granted a limited remand to give the trial court the opportunity to exercise its newly granted discretion to strike or dismiss the firearm use enhancements. At a hearing on April 22, 2022, the court elected not to strike or dismiss the firearm use allegations and did not resentence defendant.

Defendant now appeals from the court's April 22, 2022 order. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

We do not recite all the facts of the underlying murders as they are not relevant to our disposition. However, we briefly summarize the material facts for context, drawing on our 2019 opinion in defendant's direct appeal. (*People v. Guerrero*, *supra*, B284001.)

Defendant is a member of a criminal street gang called Compton Varrio Setentas, otherwise known as CV-70, a primarily Hispanic gang in east Compton. CV-70's main rivals are the eastside Piru gangs, which are predominantly African-American street gangs associated with the Bloods. Natural Born Players or

NBP is a clique of the Piru gangs made up mostly of members of one extended family. (*People v. Guerrero*, *supra*, B284001.)

Defendant, known by the street moniker "Evil," is in a CV-70 clique called the Chicos. In 2001, the sister of another longtime Chicos member was shot and killed. The Chicos believed NBP was responsible, and the two rival cliques became entangled in a long-running violent feud. (*People v. Guerrero*, *supra*, B284001.)

In 2004, Questshawn Irving, a Piru gang member and one of the murder victims in this case, was shot and killed in an area claimed by both CV-70 and the Piru gangs. In 2012, Corey Ferguson, the other murder victim in this case, was shot and killed in the front yard of his family home in Compton. Numerous members of the Ferguson family were members of NBP. (*People v. Guerrero*, *supra*, B284001.)

In 2014, defendant was charged with the murder of Corey Ferguson, and charges were refiled against him for the murder of Questshawn Irving (a previous charge had been dismissed due to the inability to locate a key witness). In addition to gang and multiple murder special circumstance allegations, it was also alleged that Ferguson was murdered because he was a witness to a crime (the 2002 murder of Darryl White). Gang and firearm use allegations were alleged as to both counts. (*People v. Guerrero*, *supra*, B284001.)

In 2017, a jury found defendant guilty as charged. The court sentenced defendant to two life terms without the possibility of parole, plus two consecutive terms of 25 years to life for the firearm use enhancements. The court stayed the gang enhancements. (*People v. Guerrero*, *supra*, B284001.)

In July 2019, we affirmed defendant's conviction. We did not reverse, strike or vacate any portion of the judgment, but

remanded for the limited purpose of giving the trial court the opportunity to consider striking or dismissing the firearm use enhancements in light of the passage of Senate Bill 620. (*People v. Guerrero, supra,* B284001.)

Defendant petitioned the California Supreme Court for review. The Supreme Court denied review on October 30, 2019, and the remittitur issued November 4, 2019. Nothing in the record indicates defendant sought review in the United States Supreme Court.

Due to delays related to the COVID-19 pandemic and the retirement of defendant's counsel, the postremand hearing was not held in the superior court until April 22, 2022. Defendant was present with counsel. The hearing was held before the same judge who presided over the trial. After entertaining argument, the court denied defendant's request to strike or dismiss the firearm use allegations and left defendant's original sentence intact.

This appeal followed. We grant defendant's request to take judicial notice of our 2019 opinion in his direct appeal and the record in that appeal (*People v. Guerrero, supra,* B284001).

## DISCUSSION

Defendant does not raise any claim the trial court abused its discretion or committed prejudicial error in declining to strike or dismiss the firearm use enhancements. Rather, defendant's only contentions are based on the passage of new legislation in 2021 concerning the gang enhancement statute and the collection of administrative fees from criminal defendants, i.e., Assembly Bill 333 (2021–2022 Reg. Sess.; Stats. 2021, ch. 699, § 3) and Assembly Bill 177 (2021–2022 Reg. Sess.; Stats. 2021, ch. 257, § 20).

4

### 1.    Assembly Bill 333

Defendant contends the retroactivity rule of *In re Estrada* (1965) 63 Cal.2d 740 applies here with respect to Assembly Bill 333. Defendant says that when we remanded this matter in 2019 to allow the trial court the opportunity to exercise its newly granted discretion under Senate Bill 620 with respect to the firearm use enhancements, we "conditionally vacated" his sentence and "constructively reset the finality determination" under both federal and state law. Defendant argues he is therefore entitled to the benefit of the amendments enacted by Assembly Bill 333. He says the jury's true findings on the gang allegation and the gang special circumstance allegation must be reversed and the matter remanded for a retrial on those allegations, or if the prosecution declines to retry them, then a full resentencing. We disagree.

The relevant question here is not whether Assembly Bill 333 applies retroactively to nonfinal judgments, but whether defendant's judgment was final before Assembly Bill 333 was enacted. "[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed." (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *id.* at p. 305 [discussing *Estrada* rule].)

In July 2019, we affirmed defendant's conviction in its entirety. Despite defendant's assertion to the contrary, we did *not* reverse, strike or vacate, conditionally or otherwise, any portion of the judgment. We remanded only for the limited purpose of giving the trial court the opportunity to consider striking or dismissing the firearm use enhancements in light of the passage of Senate Bill 620 during the pendency of that

appeal. In so ordering, we said: "While it may seem unlikely the trial court would strike the firearm enhancement given the special circumstance findings and the imposition of an indeterminate term, we cannot say the record reflects unequivocally how the court would proceed." (*People v. Guerrero, supra,* B284001.) Without any finding of legal error, we remanded only because of the passage of new legislation. Our limited remand did not implicate the full resentencing rule. (See, e.g., *People v. Cervantes* (2021) 72 Cal.App.5th 326, 330–332.)

Following our decision, defendant petitioned the California Supreme Court for review. On October 30, 2019, the Supreme Court denied review and the remittitur issued on November 4, 2019. Rule 13 of the United States Supreme Court Rules provides that a petition for writ of certiorari is timely if filed within 90 days after entry of judgment of a state court of last resort. Nothing in the record indicates defendant sought review in the United States Supreme Court.

Defendant's judgment of conviction was therefore final in early 2020, long before Assembly Bill 333 was passed in the Legislature in October 2021 and went into effect on January 1, 2022. Because his judgment was final, *Estrada* retroactivity does not apply. Defendant is not entitled to a reversal of the jury's true findings on the gang allegations.

That the postremand hearing did not occur until April 22, 2022, several months after Assembly Bill 333 went into effect, does not change the analysis. Not only was our remand limited in scope, the trial court declined to exercise its discretion and did not strike or dismiss the firearm use enhancements. Defendant's original sentence remained intact. No new abstract of judgment issued because there was no resentencing. "If the appellate court's order upon remand grants the trial court discretion

6

whether to resentence and the court elects not to do so and leaves the prior sentence intact, there is no resentencing at all." (*People v. Walker* (2021) 67 Cal.App.5th 198, 204; accord, *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1255 ["if, after a limited remand involving the sentence, 'the trial court decide[s] not to exercise its discretion to modify the original sentence, that sentence would remain in effect, and the defendant need not be resentenced but should be remanded to continue serving the term previously imposed' "]; *People v. Ramirez* (2019) 35 Cal.App.5th 55, 63.)

The majority in *People v. Lopez* recently concluded the trial court was without jurisdiction to consider the defendant's Assembly Bill 333 argument because the case had been remanded solely for reconsideration of the prior serious felony and firearm use enhancements. " 'When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.' " (*People v. Lopez* (July 25, 2023, E080032) __ Cal.App.5th __ [2023 Cal.App.Lexis 565, p. *12].)

## 2. Assembly Bill 177

In his opening brief, defendant briefly argues that any fees repealed by Assembly Bill 177 must be vacated. Defendant concedes he did not raise this argument below. Even assuming defendant was entitled to pursue this argument, he does not identify any fees imposed by the court of the type properly stricken under the new statutory language—a point raised in respondent's brief to which defendant did not reply. And, according to our review, the record does not indicate imposition of

7

any of such fees (e.g., administrative costs for collection of the restitution fee).

## DISPOSITION

The order of April 22, 2022 is affirmed.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.

VIRAMONTES, J.