Filed 10/3/23  Mendoza v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| EMMANUEL MATHEW MENDOZA, | C098138 |
| Petitioner, | (Super. Ct. No. STKCRFE20110004791) |
| v. | |
| THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

We deny petitioner Emmanuel Mathew Mendoza's petition for writ of mandate or prohibition because a peremptory challenge to a judge under Code of Civil Procedure

1

section 170.6 is unavailable for the resentencing procedures under Penal Code section 1172.6 (further undesignated statutory references are to the Penal Code).[1]

BACKGROUND

In 2019, Mendoza filed a section 1172.6 petition for resentencing of his 2012 first degree murder conviction with a robbery special-circumstance finding. The trial court denied the petition at the prima facie stage because of the special circumstance. We reversed the trial court's denial. (*People v. Mendoza* (Dec. 12, 2022, C089455) [nonpub. opn.].)

On remand, Mendoza filed a declaration of prejudice under Code of Civil Procedure section 170.6 challenging the trial court judge who had originally denied the section 1172.6 petition and was also the judge for Mendoza's original trial. The trial court stated, "I'm going to reject that." Mendoza filed a petition for writ of mandate or prohibition with this court, and we issued an order to show cause.

DISCUSSION

Code of Civil Procedure section 170.6 permits peremptory challenges of judges before trial begins. (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1252-1253.) A challenge under this section is also permitted "following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (Code Civ. Proc., § 170.6, subd. (a)(2), italics added.) Mendoza contends the trial court erred in denying his Code of Civil Procedure section 170.6 motion because a section 1172.6 proceeding is a "new trial."

---

[1] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) Mendoza filed under former section 1170.95 but we will refer to the statute as section 1172.6.

2

At least two appellate opinions, including one from a different panel of this court, have found that section 1172.6 proceedings do not constitute a new trial. (*Estrada v. Superior Court* (2023) 93 Cal.App.5th 915; *People v. Torres* (2023) 94.Cal.App.5th 497.) These cases rely on definitions in the Penal Code stating a new trial means a "reexamination of the issue" that " 'places the parties in the same position as if no trial had been had.' " (See *Peracchi v. Superior Court, supra*, 30 Cal.4th at p. 1253, quoting §§ 1179, 1180; *Estrada*, at pp. 923-924, citing to *Peracchi* and §§ 1179, 1180; *Torres*, at pp. 17-18, same.) Section 1172.6 is a resentencing procedure providing defendants serving final sentences " ' "the benefit of ameliorative changes to applicable criminal laws and does not result in a new trial or increased punishment." ' " (*Estrada*, at p. 925; *Torres*, at p. 515 ["Unlike the parties to a new trial, the parties to a section 1172.6, subdivision (d)(3) hearing are not placed in the same situation as if there had never been a trial"].) We agree with these opinions.

DISPOSITION

The petition for writ of mandate or prohibition is denied.


/s/
MESIWALA, J.



We concur:



/s/
EARL, P. J.



/s/
KEITHLEY, J.*

---

\*       Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4