Filed 3/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B311548 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA427590-04) |
| v. | |
| ALEJANDRA GUERRERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

—————————————

Alejandra Guerrero was convicted of special-circumstance murder and sentenced to life without parole for crimes committed when she was 16 years old. On appeal we affirmed Guerrero's convictions and remanded "for a new sentencing hearing so the court may satisfy its statutory obligation to consider youth-related mitigating factors before exercising its sentencing discretion under Penal Code section 190.5, subdivision (b)."[1] (*People v. Guerrero* (Sept. 15, 2020, B292313) [nonpub. opn.] at pp. 1-2 (*Guerrero I*).)

On remand the trial court mischaracterized our mandate as simply directing a "clarification" of its prior sentencing decision. The court overruled the objection of Guerrero's counsel that Guerrero had a right to be present at the hearing and, again, did not consider youth-related factors before imposing a sentence of life without parole.

The Attorney General agrees with Guerrero that the trial court erred by proceeding in her absence and failing to consider youth-related factors before imposing sentence. However, because it is clear from the record the trial judge has no intention of imposing any sentence other than life without parole, whatever information might be presented at a new sentencing hearing, the Attorney General contends those errors were harmless.

We disagree with the Attorney General's response to the problem presented. Guerrero is entitled to a sentencing decision made in the exercise of informed discretion by the sentencing court, and we cannot conclude beyond a reasonable doubt that the outcome would not be different if she were present at the

---

[1]     Statutory references are to this code unless otherwise stated.

hearing and she and her counsel had a fair opportunity to provide information concerning the youth-related mitigating factors identified in *Miller v. Alabama* (2012) 567 U.S. 460 (*Miller*) and *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1388-1389 (*Gutierrez*).

We do agree, however, that a different result is not possible before the judge who has previously heard the matter. Accordingly, we reverse the judgment and again remand for resentencing with all further proceedings to be heard before a different trial judge. (Code Civ. Proc., § 170.1, subd. (c); see *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1262 [reviewing court has authority to order that sentencing take place before another judge].)

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Guerrero's Conviction and First Appeal*

Guerrero's jury found her guilty of first degree felony murder as an aider and abettor of the attempted robbery of the victim, Xinran Ji, and found true the special-circumstance allegation the murder was committed during an attempted robbery; Guerrero was a major participant in the attempted robbery; and, while not the actual killer, Guerrero had acted with reckless indifference to human life. The jury also found true the special allegation Guerrero had personally used a deadly or dangerous weapon in connection with the felony murder. In addition, based on a second incident the night of Ji's murder, the jury found Guerrero guilty of the robbery of Claudia Rocha and the attempted robbery and aggravated assault on Jesus Ontiveros and found true the special allegation that Guerrero had personally used a deadly or dangerous weapon in the robbery of Rocha.

3

Guerrero was sentenced in July 2018 to life without parole for special-circumstance murder pursuant to section 190.5, subdivision (b),[2] plus one year for the personal use of a deadly or dangerous weapon.  In addition, the court imposed a consecutive determinate term of three years for the robbery of Rocha, a consecutive term of eight months for the attempted robbery of Ontiveros and a consecutive term of one year for the aggravated assault of Ontiveros.  The court explained it was imposing consecutive sentences on the determinate terms because the crime involved great violence, a high degree of cruelty and the victim was particularly vulnerable.  (Cal. Rules of Court, rule 4.421(a)(1), (3).)

This court affirmed Guerrero's convictions, rejecting her arguments her rights under *Miranda v. Arizona* (1966) 384 U.S. 436 had been violated during custodial questioning and substantial evidence did not support the jury's felony-murder special-circumstance finding.  (*Guerrero I*, *supra*, B292313.)  However, we remanded the matter for resentencing, explaining that, while the availability of a youth offender parole hearing pursuant to section 3051, subdivision (b)(4), mooted any Eighth Amendment challenge to Guerrero's life without parole sentence under *Miller*, *supra*, 567 U.S. 460,[3] section 190.5, subdivision (b),

---

[2]      Section 190.5, subdivision (b), prescribes, in the court's discretion, a sentence of 25 years to life or life without parole for a 16- or 17-year-old offender found guilty of special-circumstance murder.

[3]      In *Miller, supra*, 567 U.S. 460 the Supreme Court held mandatory sentencing schemes imposing prison terms of life without parole on juvenile offenders violate the Eight Amendment because they fail to consider youth-related

4

as interpreted in *Gutierrez, supra,* 58 Cal.4th at pages 1388 to 1389, requires a sentencing court to consider the youth-related mitigating factors identified in *Miller* in conjunction with the court's analysis of aggravating and mitigating factors under section 190.3 before it may impose a life without parole sentence. (See *Guerrero I,* at p. 20; see also *Gutierrez,* at p. 1390 [when sentencing a juvenile homicide offender under section 190.5, subdivision (b), the trial court "must consider all relevant evidence bearing on the 'distinctive attributes of youth' discussed in *Miller* and how those attributes 'diminish the penological justifications for imposing the harshest sentences on juvenile offenders'"].)[4] We reached the same conclusion in *People v. Ochoa*

---

mitigating factors that may diminish a juvenile's culpability and suggest a capacity for reform.

[4] The youth-related mitigating factors identified in *Miller* were summarized by Justice Liu in his majority opinion in *Gutierrez, supra,* 58 Cal.4th at page 13277:  (1) A juvenile offender's "'chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences'"; (2) evidence or information relating to "'the family and home environment that surrounds [the juvenile]—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional,'" including evidence of childhood abuse or neglect, familial drug or alcohol abuse, lack of adequate parenting or education, prior exposure to violence, and susceptibility to psychological damage or emotional disturbance; (3) "'the circumstances of the homicide offense, including the extent of [the juvenile defendant's] participation in the conduct and the way familial and peer pressures may have affected him'"; (4) whether the juvenile "'might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors'"; and (5) evidence or information in the record

(2020) 53 Cal.App.5th 841, 849-850, decided one month earlier, and addressed at length in *Guerrero I*.[5]  Because the trial court had not considered the youth-related mitigating factors identified in *Miller* before imposing the life without parole sentence on Guerrero, we remanded for resentencing.[6]  Our disposition reads, "The matter is remanded for resentencing.  At resentencing the court must consider youth-related mitigating factors in deciding

---

bearing on "'the possibility of rehabilitation,'" including the extent, or absence of, past criminal history.

[5]      Alberto Ochoa, 17 years old at the time of the commitment offense, participated with Guerrero and Jonathan Del Carmen in the attack on Ji and the subsequent crimes against Rocha and Ontiveros.  He was tried and sentenced before the same trial judge who presided in Guerrero's case.

[6]      Although in *People v. Ochoa, supra,* 53 Cal.App.5th 841 the Attorney General had argued the trial court had no obligation to consider youth-related mitigating factors after the January 1, 2018 effective date of section 3051, subdivision (b)(4), the Attorney General argued in *Guerrero I* we should presume from a silent record that the court had, in fact, considered those factors. We rejected the latter contention, explaining the record was not silent.  The trial court had responded to defense counsel's attempt to address youth-related factors by indicating it would consider them when deciding whether to sentence Guerrero to consecutive or concurrent sentences for her several felony convictions, a very different issue from deciding whether to impose the ultimate sentence under section 190.5, subdivision (b). At the very least, we concluded, the record was ambiguous on that point, requiring a remand for resentencing.  (*Guerrero I, supra*, B292313, p. 25.)

whether to impose life without parole" under section 190.5, subdivision (b). (*Guerrero I,* at p. 28.)[7]

## 2. *The Resentencing Hearing*

At the resentencing hearing Guerrero's counsel objected to imposition of sentence in his client's absence. The court overruled the objection, stating, "This case has been sent, remanded, back to this court for clarification of the factors under section 190.3. This court, in its initial sentencing, did consider it, but the court of appeal stated it was unclear and/or ambiguous from the overall court record. So, my intention this morning was just to clarify that. I'm not changing the sentence nor am I considering 25-to-life versus what I gave her. I understand that you would like the defendant present, just out of courtesy, in that she wanted to be present, but I don't think that the court has an obligation to have her present for this. It would be different if the court were really inclined to consider giving her 25 years to life as opposed to what it gave her initially. All I'm doing this morning is clarifying the factors under section 190.3." Defense counsel restated his objection to going forward with the resentencing hearing in his client's absence; the court again overruled it.

The court proceeded to discuss the aggravating and mitigating factors identified in section 190.3, subdivisions (a) through (k), and apply them to Guerrero. When it finished, the court stated, "This court finds that the aggravating

---

[7] We also observed Guerrero would have the opportunity, if she wished, to present evidence at the resentencing hearing concerning her ability to pay the fines, fees and assessments that the trial court had imposed at the original sentencing hearing and that Guerrero had challenged on appeal. (*Guerrero I, supra,* B292313, at p. 28.)

7

circumstances outweigh that of the mitigating circumstances, and thus the court shall impose its original sentence of confinement in the state prison for the term of life without the possibility of parole."[8]  The court did not consider the youth-related mitigating factors identified in *Miller* and *Gutierrez* before imposing Guerrero's life without parole sentence under section 190.5, subdivision (b).

After imposing sentence, the court asked if there was anything Guerrero's counsel wished to address "on the issue of *Franklin*."[9]  Defense counsel reminded the court he had submitted a few months after the original sentencing hearing a packet of evidence relevant to the *Franklin* hearing.  Defense counsel stated he would "rest on that, except I would like to add a couple of things."  Guerrero's counsel emphasized some of the youth-related mitigating factors he believed weighed in Guerrero's favor, including her youth and susceptibility to

---

[8]  The court stayed the fines, fees and assessments it had previously imposed.

[9]  Individuals convicted of a controlling offense committed before the person was 18 years old and sentenced to life without parole are entitled to a youth offender parole hearing during their 25th year of incarceration, transforming a life without parole sentence to one affording a meaningful opportunity for release.  (§ 3051, subd. (b)(4); see *People v. Franklin* (2016) 63 Cal.4th 261, 279-280.)  Recognizing that assembling information on youth-related mitigating factors is a task more easily accomplished at the time of sentencing rather than decades later at a parole hearing, the Supreme Court in *Franklin* held a defendant must be permitted at the time of sentencing to make a record of those factors (*Franklin*, at pp. 283-284), a proceeding that has since become known as a *Franklin* hearing.  (See *In re Cook* (2019) 7 Cal.5th 439, 459.)

8

influence from her older confederates.  He also argued she was a minor accomplice in the attack that caused the victim's death. The court responded that, while Guerrero may have been less culpable than her confederate who delivered the fatal blow, she was still a major participant in the murder.  Moreover, the court observed, there was "no evidence" to suggest she was pressured by her older confederates to participate in the attack.  Finally, apart from general studies as to juvenile brain development, the court observed there was no evidence Guerrero subjectively failed to appreciate the consequences of her actions.

## DISCUSSION

Guerrero argues, the People concede, and we agree, the trial court erred in proceeding with the resentencing hearing in Guerrero's absence and without her consent.  (See *People v. Nieves* (2021) 11 Cal.5th 404, 508 [recognizing a criminal defendant's "'constitutional and statutory right to be present at [a] sentence modification hearing and imposition of sentence'"]; *People v. Doolin* (2009) 45 Cal.4th 390, 453 [a defendant has a federal constitutional right pursuant to the Sixth Amendment and due process clause to be present at "all critical stages" of a criminal prosecution; sentencing is a critical stage]; *People v. Rodriguez* (1998) 17 Cal.4th 253, 260 [resentencing is critical stage when trial court has discretion to reconsider sentence on remand]; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 [same]; see generally *People v. Davis* (2005) 36 Cal.4th 510, 531 [a defendant may waive his or her right to be present for a critical stage such as sentencing provided the waiver is knowing, intelligent and voluntary].)

As both Guerrero and the People acknowledge in their appellate briefs, ours was not a limited remand for clarification.

9

Rather, we remanded for a full resentencing hearing, explicitly directing the court to consider youth-related mitigating factors when exercising its discretion to select the appropriate sentence under section 190.5, subdivision (b).  That exercise of discretion required Guerrero's presence unless she chose to affirmatively waive it.  (See *People v. Rodriguez, supra*, 17 Cal.4th at p. 258; *People v. Cutting, supra*, 42 Cal.App.5th at p. 348.)

The trial court also erred in again failing to address youth-related mitigating factors before sentencing Guerrero.  As we explained in *People v. Ochoa, supra*, 53 Cal.App.5th at page 849, and reiterated in *Guerrero I*, the Supreme Court in *Gutierrez, supra*, 58 Cal.4th at page 1387 held the sentencing court, before imposing sentence under section 190.5, subdivision (b), must consider the aggravating and mitigating factors enumerated in section 190.3 and the California Rules of Court.  Section 190.3, subdivision (i)'s requirement that the sentencing court consider "[t]he age of the defendant at the time of the crime," the Court explained, necessarily encompasses "'any age-related matter suggested by the evidence or by common experience or morality that might reasonably inform the choice of penalty'"—that is, the *Miller* factors.  (*Gutierrez*, at p. 1388.)  On remand, after observing (incorrectly) that it had been directed to clarify its prior reasoning, the trial court identified and commented on each of the section 190.3 factors.  When it reached subdivision (i), the court stated, "(i), the age of the defendant.  Well, the defendant was 16 years of age at the time of the offenses in question."  Full stop.  Nothing more.

Guerrero and the People agree, and the record is clear that, notwithstanding our directions, the trial court failed to consider the youth-related mitigating factors identified in *Miller, supra*,

10

567 U.S. 460. The People contend, however, that both errors committed by the trial court are harmless because the court's comments at the hearing "clearly indicate it would not have imposed a lesser sentence had [Guerrero] been present nor would it have found the *Miller* factors persuasive" had it considered them.[10]

The People's response is troubling. To be sure, when explaining why it ruled it was unnecessary for Guerrero to be present at the hearing, the court stated it was "never inclined to consider resentencing her to something less than what the court originally imposed." But that statement—made without evaluating the full range of youth-related mitigating factors this court directed be considered—hardly means we can conclude a court properly exercising its well-informed sentencing discretion, rather than adamantly adhering to its initial determination,

---

[10] The improper exclusion of a criminal defendant from a critical stage of proceeding is federal constitutional error evaluated under the beyond-a-reasonable-doubt standard of prejudice articulated in *Chapman v. California* (1967) 386 U.S. 18, 23. (*People v. Perez* (2018) 4 Cal.5th 421, 438; *People v. Mendoza* (2016) 62 Cal.4th 856, 902.)

The failure to consider youth-related mitigating factors before sentencing a 16- or 17-year-old homicide offender to life without parole under section 190.5, subdivision (b), is now, in light of the availability of a youth-offender parole hearing that eliminated any federal constitutional issue, state law error reviewed under the standard of prejudice in *People v. Watson* (1956) 46 Cal.2d 818, 836. (See *People v. Perez, supra,* 4 Cal.5th at p. 438 [state law error is evaluated under standard of prejudice in *Watson* to determine whether it is reasonably probable defendant would have received a more favorable outcome absent the error].)

might not reach a different conclusion.  Guerrero is entitled to no less than a thoughtful, well-considered decision.  (See *Gutierrez*, *supra*, 58 Cal.4th at p. 1391 ["'[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court'"]; *People v. Ochoa*, *supra*, 53 Cal.App.5th at pp. 852-854.)  And while the court did arguably consider youth-related mitigating factors when it discussed the *Franklin* evidence after it had imposed sentence, it did so in Guerrero's absence and without affording her the opportunity to respond or to present postjudgment information.  (See *People v. Cutting*, *supra*, 42 Cal.App.5th at p. 350 [defendant's exclusion from resentencing hearing was not harmless beyond a reasonable doubt:  "Cutting may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency.  [Citation.]  While the trial court may or may not have chosen to believe what Cutting might have said, if he said anything, we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome"].)

Remand for a new sentencing hearing is required.  (See generally *People v. Rodriguez*, *supra*, 17 Cal.4th at p. 258 ["[t]he evidence and arguments that might be presented on remand cannot justly be considered 'superfluous,' because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion"]; *People v. Rocha* (2019) 32 Cal.App.5th 352, 360 ["remand is necessary to ensure proceedings that are just under the circumstances, namely, a hearing at which both the People and defendant may be present and advocate for their positions"].)  In the interests of justice and to ensure Guerrero receives a fair

and unbiased hearing, further proceedings in this matter are to held before a trial judge other than the judge who previously presided over the case.  (Code Civ. Proc., § 170.1, subd. (c); see *Peracchi v. Superior Court*, *supra*, 30 Cal.4th at p. 1262.)

## DISPOSITION

The judgment is reversed, and the matter remanded for the court to conduct a new sentencing hearing in which Guerrero is present (unless Guerrero waives her presence in accordance with section 1193) and to consider the youth-related mitigating factors identified in *Miller*, *supra*, 567 U.S. 460 when selecting the appropriate sentence under section 190.5, subdivision (b). Further proceedings in this matter are to be held before a trial judge other than the one who previously presided over the case.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.