Filed 4/20/22  P. v. Lake CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARIUS LAKE,<br><br>    Defendant and Appellant. | D078734<br><br><br>(Super. Ct. No. SCD274161) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Reversed with directions.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Arlene A. Sevidal and Jennifer A. Jadovitz, Acting Assistant Attorneys General, Daniel Rogers, Vincent P. LaPietra, and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

Darius Lake appeals the judgment imposed on resentencing after remand following a prior appeal to allow the sentencing court to exercise its discretion to strike five-year enhancements for a prior serious felony conviction. Lake contends the trial court erred by striking the enhancements and resentencing him in his absence and by refusing to consider his eligibility for a diversion program for defendants with qualifying mental disorders that became available after he was initially sentenced. Lake also contends legislation that went into effect after he was resentenced entitles him to a full resentencing hearing and asks us to remand the matter with a direction that further proceedings be conducted by a different judge. We conditionally reverse the judgment and remand the matter to allow the trial court to consider whether to grant diversion.

I.

BACKGROUND

A jury found Lake guilty of 10 counts of robbery and one count of attempted robbery arising out of incidents at five banks. The trial court found Lake had three prior convictions of bank robbery in a federal court case, which constituted three strikes for purposes of the Three Strikes law and one serious felony conviction for purposes of a five-year enhancement. On June 15, 2018, the court (Hon. Robert F. O'Neill) imposed a prison term of five years plus 25 years to life on each conviction, five of which were to be served consecutively and six concurrently, for an aggregate term of 25 years plus 125 years to life.

On appeal, this court rejected Lake's claims the prosecutor used peremptory challenges to jurors in a racially discriminatory manner and committed misconduct during closing argument. Based on a change in law that occurred while the appeal was pending and that granted courts

2

discretion to strike or to dismiss the five-year enhancements (Stats. 2018, ch. 1013, eff. Jan. 1, 2019), we remanded the matter to allow the trial court to exercise its discretion. (*People v. Lake* (July 22, 2020, D074304) [nonpub. opn.].)

After the case was remanded, the trial court (again Hon. Robert F. O'Neill) notified the parties it intended to strike the five-year enhancements from Lake's prison term and asked counsel to obtain a written waiver of Lake's presence. Lake's counsel responded he would contact Lake about waiving his presence for hearings in the case and intended to evaluate the case for a potential motion for diversion based on a statute that authorizes diversion for defendants with mental disorders and that took effect after Lake was sentenced. (Pen. Code, §§ 1001.35, 1001.36, as enacted by Stats. 2018, ch. 34, § 24, eff. June 27, 2018; subsequent undesignated section references are to this code.) The prosecutor agreed the court should strike the enhancements. On February 9, 2021, the trial court issued an ex parte order striking the five-year enhancements and declining to address Lake's eligibility for diversion as beyond the scope of the remand.

Lake then sent a letter to the trial court asking it to recall the sentence because the court had resentenced him in his and his counsel's absence and had denied his ability to seek diversion. The court denied the motion without prejudice in a March 18, 2021 order that stated the court would grant the motion to recall provided counsel filed a motion for diversion by May 21. Before that deadline, Lake instead filed a notice of appeal from the "resentencing on remand."

3

## II.

## DISCUSSION

Lake complains the trial court prejudicially erred by resentencing him in his absence and by refusing to consider a motion for diversion. He contends the case should be remanded for a full resentencing hearing, based in part on recent legislation governing dismissal of enhancements. (§ 1385, subd. (c)(1), as amended by Stats. 2021, ch. 721, § 1, eff. Jan. 1, 2022.) Lake also contends the hearing should be held by a different judge, because Judge O'Neill disregarded the sentencing rules at the resentencing hearing and a reasonable person aware of his sentencing decisions would question his ability to be impartial. The People agree that remand is required to allow the trial court to consider Lake's eligibility for diversion, but disagree that Lake was prejudiced by being resentenced in his absence and that a full resentencing hearing before a different judge is required. We agree with the People.

The statute authorizing diversion of defendants with qualifying mental disorders who meet other criteria, which went into effect shortly after Lake was initially sentenced, applies to defendants whose judgments were not final when it took effect. (§ 1001.36; *People v. Frahs* (2020) 9 Cal.5th 618, 630-637.) For such defendants, "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when, as here, the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion— the defendant suffers from a qualifying mental disorder (§ 1001.36, subd. (b)(1)(A))." (*Frahs*, at p. 640.) As Lake points out and the People concede, the record contains information "he has suffered from depression, anxiety and hearing voices since his teenage years," attempted suicide at age 11, and "is

4

currently taking psychotropic medication." We agree Lake "appears to meet at least the first threshold eligibility requirement for mental health diversion" and is entitled to a limited remand for the trial court to conduct a hearing on his suitability for diversion under the statute. (*Frahs*, at p. 640.)

We reject Lake's other contentions. Although Lake had a right to be present at resentencing (§ 1193, subd. (a); *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110), "we can conclude beyond a reasonable doubt that the deprivation [of that right] did not affect the outcome of the proceeding" and was therefore harmless (*People v. Simms* (2018) 23 Cal.App.5th 987, 998). By striking all five-year enhancements for the prior serious felony conviction, the trial court gave Lake the maximum relief he could have obtained. Because all enhancements were stricken from his prison term, Lake is not entitled to a full resentencing hearing under the most recent amendments to section 1385, which generally require a court to dismiss an enhancement "if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).)[1] Also, the

---

[1]     At oral argument, Lake asserted he was entitled to a full resentencing hearing so that he could renew the motion he had filed before the initial sentencing hearing to strike the prior strike conviction allegations for purposes of sentencing under the Three Strikes law (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), and complained he was not given an opportunity to do so because the trial court did not hold a hearing and resentenced him by ex parte order. We reject this complaint. When the trial court contacted the parties' counsel about the remittitur from the prior appeal, the court stated its intent to strike the five-year enhancements and asked counsel, "Please advise." Lake's counsel responded that he intended to evaluate the case for a potential motion for mental health diversion but did not mention renewal of the *Romero* motion. After the court resentenced Lake by striking the five-year enhancements and declined to consider diversion, Lake's counsel objected to the resentencing in his and Lake's absence and again sought to file a motion for diversion, but counsel did not mention renewal of the *Romero* motion. "A party on appeal cannot successfully

amendments "shall apply to sentencings occurring after the effective date of the act that added this subdivision." (§ 1385, subd. (c)(7).) Because Lake's initial sentencing and resentencing occurred before the effective date of the amendments (Jan. 1, 2022), he is not entitled to any benefit from them. Finally, "the interests of justice" do not require us to direct further proceedings on remand be handled by a judge other than Judge O'Neill. (Code Civ. Proc., § 170.1, subd. (c).) "With respect to sentencing error in particular, 'the statutory power of appellate courts to disqualify sentencing judges should be used sparingly and only where the interests of justice require it.'" (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1256.) Lake's contentions Judge O'Neill should have been more lenient at the initial sentencing by striking the prior convictions for purposes of the Three Strikes law and erred by resentencing Lake in his absence and refusing to consider a motion for diversion neither "indicate[ ] an animus inconsistent with judicial objectivity" nor "suggest[ ] a whimsical disregard of the sentencing scheme that is incompatible with a judicious effort to comply with its complex terms." (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562; accord, *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079.)

complain because the trial court failed to do something which it was not asked to do . . . ." (*In re Cheryl E.* (1984) 161 Cal.App.3d 587, 603.)

III.

DISPOSITION

The judgment is conditionally reversed and the matter is remanded to the trial court with directions to hold a diversion eligibility hearing under section 1001.36.  If the court finds Lake eligible, it may grant diversion.  If Lake then satisfactorily completes diversion, the court shall dismiss the charges.  (§ 1001.36, subd. (e).)  If the court does not grant diversion, or grants diversion and Lake fails satisfactorily to complete it, the court shall reinstate the judgment.


IRION, J.

WE CONCUR:



AARON, Acting P. J.



DATO, J.

7