Filed 9/1/23  P. v. Barraza CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B314798 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA144705) |
| v. | |
| VINCENT BARRAZA, | |
| Defendant and Appellant. | |

APPEAL from an order the Superior Court of Los Angeles County.  Sean D. Coen, Judge.  Affirmed.

Jerome J. Haig, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In November 2017, defendant and appellant Vincent Barraza brandished a semiautomatic handgun from the front yard of his home, fired it at a nearby elementary school, at two of his neighbors, and at four deputy sheriffs who arrived on the scene. (*People v. Barraza* (Jan. 10, 2020; B291988) [nonpub. opn.].) Defendant then fled back inside his home and a standoff ensued that resulted in the elementary school being placed on lockdown. After deputies fired flash bang devices into the home, defendant surrendered. (*Ibid.*)

A jury convicted defendant of four counts of assault with a firearm on a police officer (Pen. Code, § 245, subd. (d)(1)), two counts of assault with a semi-automatic firearm (§ 245, subd. (b)), two counts of shooting at an occupied dwelling (§ 246), and possession of a firearm by a felon (§ 29800, subd. (a)(1)), and the jury found true various firearm enhancements pursuant to section 12022.53. (*People v. Barraza, supra*, B291988.) In a bifurcated proceeding, defendant admitted that in 1997, he suffered a felony conviction for attempted robbery which qualified as a strike. Before sentencing defendant, the court denied his motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike the 1997 conviction, finding defendant had a "nonstop life of lawlessness" and did not fall outside the spirit of the Three Strikes law. The court sentenced defendant to 53 years in prison. (*People v. Barraza, supra*, B291988.)

While defendant's direct appeal was pending, Senate Bill 1393 (2017–2018 Reg. Sess.) went into effect, giving trial courts discretion to strike a five-year enhancement for a prior felony conviction pursuant to Penal Code section 667, subdivision (a)—a previously mandatory sentencing enhancement. (Stats. 2018, ch. 1013, § 1.)

In January 2020, a panel of this court affirmed defendant's conviction, remanding for the limited purpose of having the superior court correct two typographical errors in the abstract of judgment and, in light of the passage of Senate Bill 1393, to allow the trial court the opportunity to exercise its newly granted discretion to strike the five-year prior felony enhancement. (*People v. Barraza, supra*, B291988.)  The remittitur issued March 20, 2020.

The postremand hearing took place on July 29, 2020. Defendant was present with counsel.  The court acknowledged receipt of documentation submitted by defendant regarding work performed and classes completed during his incarceration and said it had taken those into consideration. The court then declined to strike the five-year prior felony enhancement, incorporating the same reasons previously outlined by the court in denying defendant's *Romero* motion and in imposing the firearm use enhancements.  The court ordered an amended abstract of judgment to be prepared to correct the typographical errors.

Defendant filed in propria persona a petition for writ of habeas corpus regarding the court's failure to strike his prior felony conviction.  The court denied the petition.

By order dated September 14, 2021, we granted defendant's application for relief from default for having failed to file a timely notice of appeal from the July 29, 2020 postremand hearing. Defendant subsequently filed his notice of appeal indicating the order appealed from was the "Senate Bill 1393 Re-Sentencing Hearing."

We appointed appellate counsel to represent defendant. Defendant's appointed counsel, Jerome J. Haig, filed a brief

3

pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The *Wende* brief included a declaration from Mr. Haig in which he explains that he advised defendant he would be filing a *Wende* brief, forwarded the brief and the record to defendant, and advised him of his rights to file a supplemental brief and to discharge him as his attorney. Mr. Haig also stated his availability to brief, upon request, any issues we may have following our independent review of the case.

Defendant filed a supplemental brief raising seven issues: (1) the trial court failed to consider and give proper weight to all mitigating factors as required by the law as amended by Senate Bill 1393; (2) the trial court failed to exercise its discretion to strike the firearm enhancements and the five-year prior felony enhancement; (3) remand is appropriate to allow the trial court the opportunity to consider other newly passed legislation, including Assembly Bill 518 (2021–2022 Reg. Sess.) (amendments to Pen. Code, § 654) and Senate Bill 81 (2021–2022 Reg. Sess.) (amendments to § 1385); (4) ineffective assistance of counsel during postremand hearing; (5) ineffective assistance of counsel during trial; (6) this court should reconsider defendant's sentence in light of the passage of the California Racial Justice Act of 2020 (Assembly Bill 2542 (2019–2020 Reg. Sess.); newly enacted § 745); and (7) this court should consider whether defendant lacked the requisite intent for assault due to voluntary intoxication.

## DISCUSSION

In 2020, we affirmed defendant's conviction without any finding of legal error and without vacating any part of the judgment. We remanded for further proceedings only because of the passage of Senate Bill 1393 during the pendency of the

4

appeal, and to allow for two typographical errors in the abstract of judgment to be corrected. Our limited remand did not implicate the full resentencing rule. (See, e.g., *People v. Cervantes* (2021) 72 Cal.App.5th 326, 330–332.) The trial court on remand had jurisdiction only to carry out our directions as set forth in the opinion and remittitur. (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 64; accord, *Cervantes,* at p. 332.)

At the July 29, 2020 postremand hearing, the trial court acknowledged the narrow scope of the proceedings and after hearing argument from counsel, chose not to strike the five-year felony prior and did not resentence defendant. Defendant continues to serve his original sentence as pronounced in 2018. (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1255 ["if, after a limited remand involving the sentence, 'the trial court decide[s] not to exercise its discretion to modify the original sentence, that sentence would remain in effect, and the defendant need not be resentenced but should be remanded to continue serving the term previously imposed' "]; see also *People v. Walker* (2021) 67 Cal.App.5th 198, 204–205.)

In his supplemental brief, defendant first contends the trial court erred by failing to consider all mitigating factors before declining to strike the five-year prior felony enhancement. Nothing in the record supports this contention. Judge Coen was the judge who presided over the trial and original sentencing in 2018. At the start of the postremand hearing, Judge Coen stated he had read the record, the appellate opinion in defendant's direct appeal and the packet of information submitted by defendant regarding his work history and classes completed while incarcerated. The court heard argument from counsel and then declined to strike the five-year felony enhancement based on

5

the factors previously discussed and relied upon by the court in denying defendant's *Romero* motion and in imposing enhancements—factors which the court still found relevant and compelling. Defendant has not shown the court failed to consider any mitigating factors.

Defendant's second and seventh issues do not relate to the court's decision at the postremand hearing and are therefore outside the scope of this appeal. The issues could only have been raised on direct appeal. In fact, defendant did challenge the court's imposition of the enhancements on direct appeal and we rejected his arguments. (*People v. Barraza, supra*, B291988.)

Defendant's fourth and fifth issues concern the alleged ineffective assistance of counsel, both during trial and during the postremand hearing in 2020. Defendant's claims are inadequately presented and stated in a conclusory fashion. Any such claim should be raised, if at all, by way of a petition for writ of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

Defendant's third and sixth issues concern new legislation that has been passed since the postremand hearing occurred, including Senate Bill 81 and Assembly Bills 518 and 2542.

Senate Bill 81 amended Penal Code section 1385, adding, as relevant here, a new subdivision (c). (Stats. 2021, ch. 721, § 1.) However, the statutory language expressly states that "[t]his subdivision shall apply to all sentencings occurring *after January 1, 2022*." (Pen. Code, § 1385, subd. (c)(7), italics added.) Defendant's sentencing predated the enactment of the statute and does not provide defendant a basis for any relief.

Assembly Bill 518 amended Penal Code section 654, removing the requirement for a sentencing court to impose the

longest term.  (Stats. 2021, ch. 441, § 1.) Courts have concluded the new statutory language applies retroactively to all convictions not yet final on appeal.  (See e.g., *People v. Sek* (2022) 74 Cal.App.5th 657, 673.)  However, defendant's conviction is final as it was affirmed on appeal in 2020 and defendant did not seek further review.  On remand, the trial court did not resentence defendant and his original sentence remains intact. (*Peracchi v. Superior Court*, *supra*, 30 Cal.4th at p. 1255.)

Assembly Bill 2542, otherwise called the California Racial Justice Act of 2020, prohibits state criminal prosecutions and sentences based on race, ethnicity or national origin. (Stats. 2020, ch. 317, § 3.5; Pen. Code, § 745, subd. (a).) Defendant asks this court to reconsider his sentence in the first instance based on the new law.  Whether defendant has any claim under the Racial Justice Act is not properly before us. Penal Code section 745, subdivision (b) plainly states that where, as here, *judgment has already been imposed*, a defendant "may file . . . in the trial court . . . a petition for writ of habeas corpus" and seek to make a prima facie showing that his sentence is improperly based on race, ethnicity or national original as contemplated by the statutory scheme.

## DISPOSITION

The trial court's order of July 29, 2020 is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.        VIRAMONTES, J.

7