Filed 9/29/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MIGUEL ANGEL SANDOVAL,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | H050633<br>(Santa Clara County<br>Super. Ct. No. CC651901) |

## I.  INTRODUCTION

In 2009, petitioner Miguel Angel Sandoval was convicted of second degree murder (Pen. Code, § 187).  In 2019, he filed a petition for resentencing under former Penal Code section 1170.95, now Penal Code section 1172.6.[1]  After an evidentiary hearing, the trial court denied the petition for resentencing.  Sandoval appealed.  This court reversed and remanded the matter, "in light of the evidence elicited at the evidentiary hearing, for reconsideration of the petition pursuant to Penal Code section 1172.6, subdivision (d)(3)."  (Fn. omitted.)

On remand, the case was assigned to the same judge who had previously denied Sandoval's petition for resentencing.  Sandoval filed a peremptory challenge pursuant to

_____

[1] In this opinion, we will refer to former Penal Code section 1170.95 by its current number.

Code of Civil Procedure section 170.6[2] seeking to disqualify the judge from further presiding over the case. Section 170.6, subdivision (a)(2) (section 170.6(a)(2)) authorizes a motion to disqualify "following reversal on appeal of a trial court's decision, . . . if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (Italics added.) After receiving briefing from the parties and conducting a hearing, the trial court denied Sandoval's section 170.6 motion.

In the pending petition for writ of mandate in this court, Sandoval contends that the trial court erred in denying his section 170.6 disqualification motion because this court's remand "for reconsideration of the [resentencing] petition pursuant to Penal Code section 1172.6, subdivision (d)(3)" (fn. omitted) constituted a "new trial" within the meaning of section 170.6(a)(2). For reasons that we will explain, we will deny the petition for writ of mandate.

## II. BACKGROUND

### A. *The Conviction*

In 2009, Sandoval was convicted by jury of second degree murder (Pen. Code, § 187). The jury also found true the allegations that Sandoval committed the offense for the benefit of a criminal street gang (*id.*, § 186.22, subd. (b)(1)(C)) and that a principal personally used a firearm (*id.*, § 12022.53, subds. (d), (e)(1)). The trial court sentenced Sandoval to 40 years to life. This court affirmed the judgment on direct appeal, rejecting Sandoval's claim, among others, that there was insufficient evidence to sustain the murder conviction. (*People v. Sandoval* (Dec. 21, 2011, H034186) [nonpub. opn.].)

Sandoval filed a petition for writ of habeas corpus in federal district court, challenging the sufficiency of the evidence to support his murder conviction, among other claims. The federal district court denied the habeas petition after concluding that it

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

was not objectively unreasonable for this court to determine that the jury could find sufficient evidence of guilt based on the evidence presented.

## B. *The Petition for Resentencing*

In 2019, Sandoval filed a petition for resentencing (see Pen. Code, § 1172.6). The trial court issued an order to show cause.

Judge Andrea Flint presided over Sandoval's Penal Code section 1172.6 evidentiary hearing because the judge who originally presided over Sandoval's criminal trial had apparently retired. At the evidentiary hearing, the prosecutor relied on the record of conviction, which included trial testimony and the clerk's transcript. Sandoval testified in his own behalf at the evidentiary hearing.

The trial court denied Sandoval's petition for resentencing. In a written order, the court stated that the standard of proof required the prosecution to prove that Sandoval "could still have been" convicted of murder under the current law. (Italics omitted.) The trial court referred to this court's opinion regarding Sandoval's direct appeal and the federal district court's opinion denying habeas relief, and concluded that the prosecution had proved Sandoval's ineligibility for Penal Code section 1172.6 relief beyond a reasonable doubt. The trial court also stated that it did not find credible Sandoval's testimony at the evidentiary hearing.

## C. *Sandoval's Appeal Regarding Denial of His Petition for Resentencing*

Sandoval appealed the denial of his Penal Code section 1172.6 petition. This court reversed the trial court's order denying the petition. This court determined that the trial court erred by (1) relying on the direct appeal opinion and the federal habeas opinion and (2) applying the wrong standard of proof. (*People v. Sandoval* (July 19, 2022, H048929) [nonpub. opn.].) This court's disposition stated: "The matter is remanded to the superior court, in light of the evidence elicited at the evidentiary hearing, for reconsideration of the

3

petition pursuant to Penal Code section 1172.6, subdivision (d)(3).[3]  We express no opinion on whether defendant's Penal Code section 1172.6 petition should be granted or denied."  The remittitur issued on September 22, 2022.

### D. *The Section 170.6 Disqualification Motion*

On October 22, 2022, the trial court (Judge Flint) set the matter for a status conference on November 4, 2022.  In the meantime, on October 31, 2022, Sandoval filed a peremptory challenge pursuant to section 170.6 seeking to disqualify Judge Flint from further presiding over the case.

The prosecutor filed opposition, contending that section 170.6(a)(2), which permits a peremptory challenge following an appeal "if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter," did not apply in this case as Penal Code section 1172.6 proceedings do not involve a "new trial" (§ 170.6(a)(2)) and this court's instructions on remand did not provide for a new trial with evidence taken anew.

---

[3] In a footnote at this point in the disposition, this court quoted subdivision (d)(3) of Penal Code section 1172.6, which states, "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019.  The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.  The court may also consider the procedural history of the case recited in any prior appellate opinion.  However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule.  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.  A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges."

4

Sandoval subsequently filed a memorandum contending that a Penal Code section 1172.6 evidentiary hearing has "all the hallmarks of [a] trial on the merits" under section 170.6(a)(2), and that subdivision (a)(1) of section 170.6 applies broadly to "a civil or criminal action or special proceeding of any kind or character . . . [or] that involves a contested issue of law or fact." He further argued that this court's directions on remand contemplated a new evidentiary hearing at which new or additional evidence could be offered, in view of the footnote in this court's disposition that quoted Penal Code section 1172.6, subdivision (d)(3).

The prosecutor filed a reply memorandum contending that Penal Code section 1172.6 provides for a resentencing proceeding, not a trial, and hence the proceeding on remand following Sandoval's appeal could not be a "new trial" for purposes of section 170.6(a)(2). The prosecutor also disagreed with Sandoval's contention that this court remanded for an entirely new Penal Code section 1172.6 hearing, as this court's disposition in the prior appeal stated that the trial court was to reconsider Sandoval's resentencing petition "in light of the evidence elicited at the evidentiary hearing." The prosecutor argued that "[t]here would be no need to add the reference to the already presented evidence if there was to be an entirely new proceeding." (Fn. omitted.)

**E.** *The Ruling on the Section 170.6 Disqualification Motion*

On December 6, 2022, the trial court (Judge Flint) conducted a hearing on Sandoval's section 170.6 disqualification motion. After hearing argument from the parties, the court denied the motion. The court determined that the motion was untimely because there had already been a hearing on the resentencing petition. The court explained that, following Sandoval's appeal, the postappeal reversal provision of section 170.6 did not apply because the matter had not been remanded for a "new trial."

After denying Sandoval's disqualification motion, the trial court indicated that the parties could present "additional evidence" regarding Sandoval's petition for resentencing. The prosecutor indicated that no additional evidence would be offered, while Sandoval

5

indicated that he had not yet decided. The court continued the matter and set it for a status hearing to give Sandoval time to determine whether he would be offering additional evidence.

### F. *Writ Proceedings*

Sandoval subsequently filed a petition for a writ of mandate in this court, contending that the trial court erred in denying his section 170.6 disqualification motion. Sandoval argued that this court's reversal and remand regarding his Penal Code section 1172.6 resentencing petition resulted in a "new trial" within the meaning of section 170.6(a)(2). Sandoval sought a writ of mandate directing the trial court to set aside its order denying his motion to disqualify Judge Flint pursuant to section 170.6. Sandoval also requested a temporary stay of trial court proceedings pending this court's writ review. This court denied Sandoval's petition for writ of mandate and the stay request.

Sandoval filed a petition for review and requested a stay. The California Supreme Court granted the stay, granted the petition for review, and transferred the matter to this court. The California Supreme Court directed this court to vacate the order denying the petition for writ of mandate and to issue an order to show cause why Sandoval was not entitled to relief. The California Supreme Court indicated that its stay order would remain in effect pending further order from this court.

This court vacated its prior order denying Sandoval's petition for writ of mandate, stayed all further proceedings in the trial court, and ordered the trial court to show cause why Sandoval was not entitled to the relief requested in his petition for writ of mandate. The People filed a return in opposition to the writ, and Sandoval filed a reply. In opposition, the People contend that a Penal Code section 1172.6 hearing is not a "trial" within the meaning of section 170.6, and even if it is, Sandoval's case was not remanded for a "new" trial within the meaning of section 170.6(a)(2).

### III.  DISCUSSION

The issue in this case is whether the proceeding under Penal Code section 1172.6 following remand by this court constitutes a "new trial" within the meaning of section 170.6(a)(2), such that Sandoval is entitled to exercise a peremptory challenge regarding Judge Flint.  We first set forth the standard of review for an order denying a section 170.6 motion and for the interpretation of a statute.  We then provide a brief overview of a peremptory challenge under section 170.6 and the nature of a Penal Code section 1172.6 proceeding.  We then turn to the issue of whether the trial court properly denied Sandoval's section 170.6 disqualification motion in this case.

#### A.  *Standard of Review*

We review de novo a trial court's denial of a peremptory challenge under section 170.6.  (*Bontilao v. Superior Court* (2019) 37 Cal. App. 5th 980, 987-988; see also *Andrew M. v. Superior Court* (2020) 43 Cal.App.5th 1116, 1124 (*Andrew M.*).)  "Because the trial court exercises no discretion when considering a section 170.6 motion, it is 'appropriate to review a decision granting or denying a peremptory challenge under section 170.6 as an error of law.' " (*Bontilao*, *supra*, at pp. 987-988.)  Likewise, statutory construction is a question of law that we review de novo.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

#### B.  *Peremptory Challenge Under Section 170.6*

"Section 170.6 permits a party . . . to move to disqualify an assigned trial judge on the basis of a simple allegation by the party or his or her attorney that the judge is prejudiced against the party." (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1248 (*Peracchi*).)  "A motion that conforms to all the requirements of section 170.6 . . . must be granted." (*Id.* at p. 1249.)

"[T]he statute reasonably serves the Legislature's evident purpose of 'maintaining the appearance as well as the fact of impartiality in the judicial system:  the business of the courts . . . must be conducted in such a manner as will avoid even the "suspicion of

7

unfairness." ' [Citation.]" (*Peracchi*, *supra*, 30 Cal.4th at p. 1252.)  However, in acknowledgment of "the potential for abuse and judge-shopping—on the part of either or both parties," " 'the courts of this state have been vigilant to enforce the statutory restrictions on the number and timing of the motions permitted. . . .' " (*Id.* at pp. 1252-1253.)

"Historically, a challenge could not be filed for the first time after a reviewing court remanded the matter to the trial court." (*Peracchi*, *supra*, 30 Cal.4th at p. 1249.)  However, section 170.6 was amended in 1985 to provide, as relevant here, "A motion [to disqualify] . . . may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (*Id.*, subd. (a)(2), italics added; see *Peracchi*, *supra*, at p. 1249.)

## C. *Petition for Resentencing under Penal Code Section 1172.6*

The Legislature has "made significant changes to the scope of murder liability" in an effort " 'to more equitably sentence offenders in accordance with their involvement in' " a homicide.  (*People v. Strong* (2022) 13 Cal.5th 698, 707 (*Strong*).)  "Resentencing is available . . . if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life . . . .' " (*Id.* at p. 703.)

The Legislature "created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended.  [Citations.]" (*Strong*, *supra*, 13 Cal.5th at p. 708, fn. omitted.)  Under Penal Code section 1172.6, "the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met . . . ." (*Strong*, *supra*, at p. 708.)  "The petition shall be filed with the court that sentenced the petitioner," but "[i]f the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition." (Pen. Code, § 1172.6, subd. (b)(1).)

8

"If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (Pen. Code, § 1172.6, subd. (c).)  "[T]he hearing to determine whether the petitioner is entitled to relief" must be conducted as follows:  "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019.  The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.  The court may also consider the procedural history of the case recited in any prior appellate opinion.  However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of [Penal Code] Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule.  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.  A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.  If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges."  (Pen. Code, § 1172.6, subd. (d)(3).)

### D. *Analysis*

The parties dispute whether this court's remand "for reconsideration of the [resentencing] petition pursuant to Penal Code section 1172.6, subdivision (d)(3)" (fn. omitted) constitutes a "new trial" for purposes of section 170.6(a)(2).  We conclude that such a remand does not constitute a "new trial" for purposes of section 170.6(a)(2).

9

In *Peracchi*, the California Supreme Court held that "a resentencing hearing in a criminal case does not constitute a new trial." (*Peracchi*, *supra*, 30 Cal.4th at p. 1260, fn. omitted.) In *Peracchi*, a criminal case, following an appeal, was remanded to the trial court for possible retrial on one of two counts and for resentencing. (*Id.* at p. 1250.) The defendant filed a peremptory challenge seeking to disqualify the judge. (*Ibid.*) After the prosecutor indicated that the reversed count would not be retried and that only a new sentencing hearing was needed, the trial court denied the peremptory challenge and set the matter for a sentencing hearing. (*Ibid.*)

In this context, the California Supreme Court addressed whether "a sentencing hearing that is conducted on remand after a partial reversal on appeal constitutes in itself a 'new trial' within the meaning of section 170.6, [former] subdivision (2)" (now subdivision (a)(2)). (*Peracchi*, *supra*, 30 Cal.4th at p. 1253.) The California Supreme Court determined that a "resentencing is not a 'new trial' within the meaning of the Penal Code or Code of Civil Procedure section 170.6." (*Id.* at p. 1258, fn. omitted.) The court stated that "[t]he Penal Code defines a new trial as 'a reexamination of the issue in the same Court, before another jury, after a verdict has been given.' (Pen. Code, § 1179.) Penal Code section 1180 explains that '[t]he granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument . . . .' " (*Id.* at p. 1253.) The court explained that, "unlike the situation in which a new trial is ordered, when resentencing is all that is required, the parties are not placed in the same position as if there had been no trial. The criminal charges need not be refiled. The parties at an ordinary resentencing hearing do not, as Penal Code section 1180 provides with regard to the granting of a new trial, proffer new evidence on the issues decided by the verdict, nor does the court disregard the original verdict." (*Id.* at p. 1257.) In reaching this conclusion, the court observed that although the initial language of the proposed 1985 amendment to section 170.6 "apparently would have

10

applied to any hearing on remand, . . . that language was amended to refer instead to cases in which the trial judge was assigned to conduct a *new trial*.  [Citations.]" (*Peracchi*, *supra*, at p. 1262.)

Appellate courts have observed that the California Supreme Court's decision in "*Peracchi* 'broke the pattern of appellate decisions advancing ever more generous interpretations of the term "new trial" in section 170.6(a)(2).' [Citation.]"  (*Andrew M*., *supra*, 43 Cal.App.5th at p. 1127.)  The California Supreme Court did so by declining to rely on civil cases that had construed the term "new trial" in section 170.6(a)(2). (*Peracchi*, *supra*, 30 Cal.4th at pp. 1258-1261.)  The California Supreme Court explained that legislative intent required that "the term 'new trial' be applied for disqualification purposes as that term is defined either by the Code of Civil Procedure or by the Penal Code, depending on the nature of the case," as "new trials in criminal cases implicate constitutional and other issues that normally are not present when a new trial is ordered in a civil case."  (*Id.* at p. 1261.)

In the present case, Sandoval acknowledges the California Supreme Court's decision in *Peracchi,* and he agrees that a Penal Code section 1172.6 evidentiary hearing "is not a criminal jury trial."  He contends, however, that such a hearing is a "trial," or more specifically, "an evidentiary hearing guided by rules of evidence, with a burden of proof placed on one party, and presided over by a trier of fact vested with exclusive power to assign weight to all evidence admitted to the rules applicable to this particular type of hearing.  The court must conduct an independent analysis of the record and evidence before finding defendant guilty of murder under current law . . . ."  Sandoval argues that a Penal Code section 1172.6 evidentiary hearing is a "special proceeding of a criminal nature" that constitutes a "trial" for purposes of section 170.6(a)(2).  In support of this argument, Sandoval cites various cases that have permitted peremptory challenges under section 170.6, subdivision *(a)(1)*.  Sandoval contends that, as a special proceeding

that requires an evidentiary hearing, a Penal Code section 1172.6 proceeding constitutes a "trial" for purposes of section 170.6(a)(2).

We are not persuaded by Sandoval's argument. Assuming a Penal Code section 1172.6 proceeding is a "special proceeding of a criminal nature" as argued by Sandoval, he fails to provide legal authority establishing that a Penal Code section 1172.6 evidentiary hearing nevertheless constitutes a "trial" within the meaning of section 170.6(a)(2).

For example, as Sandoval observes, habeas corpus proceedings have been characterized as special proceedings. (See, e.g., *Maas v. Superior Court* (2016) 1 Cal.5th 962, 975.) Nonetheless, in *Mendoza v. Superior Court* (2021) 65 Cal.App.5th 988, the appellate court determined that section 170.6(a)(2)'s provision for a peremptory challenge following a reversal and remand for a "new trial" does not apply to a habeas corpus proceeding involving a claim for ineffective assistance of counsel at a sentencing hearing. (*Mendoza*, *supra*, at pp. 990-991, 1002-1004.) Among other reasons, the appellate court observed that, "[a]t most, the [habeas corpus] proceeding will result in a resentencing hearing, which is not a new trial. [Citation.]" (*Id.* at p. 1004, citing *Peracchi*, *supra*, 30 Cal.4th at p. 1257.) Likewise, in the instant case, assuming a Penal Code section 1172.6 evidentiary hearing is a special proceeding, Sandoval's Penal Code section 1172.6 hearing will, "[a]t most, . . . result in a resentencing hearing, which is not a new trial. [Citation.]" (*Mendoza*, *supra*, at p. 1004.)

We are also not persuaded by Sandoval's reliance on cases interpreting subdivision (a)(1) of section 170.6, when the instant case concerns the construction of "new trial" in subdivision (a)(2). Subdivision (a)(1) broadly refers to "a civil or criminal action or special proceeding of any kind or character . . . [or] any matter therein that involves a contested issue of law or fact." (§ 170.6.) The California Supreme Court has explained that the language initially proposed for former subdivision (2), now subdivision (a)(2), "apparently would have applied to *any hearing* on remand, but that

12

language was amended to refer instead to cases in which the trial judge was assigned to conduct a *new trial*. [Citations.]" (*Peracchi*, *supra*, 30 Cal.4th at p. 1262, first italics added.) Given the narrower "new trial" language at issue in subdivision (a)(2), Sandoval's general reliance on the broad application of subdivision (a)(1) of section 170.6 does not advance his argument concerning the proper interpretation of subdivision (a)(2).

Further, guided by the analysis in *Peracchi*, we do not agree with Sandoval's contention that section 170.6(a)(2)'s remand for new trial language "turn[s] upon . . . whether the trial court has been ordered to reengage its fact-finding function." In *Peracchi*, the California Supreme Court, in holding that a resentencing hearing is not a "new trial" within the meaning of section 170.6, former subdivision (2) (now subdivision (a)(2)), observed that a trial court's "function [at sentencing] may include resolution of certain factual issues that relate to the choice of the appropriate sentence . . . ." (*Peracchi*, *supra*, 30 Cal.4th at p. 1254.) However, the California Supreme Court explained that it did "not believe that . . . in a remanded criminal case in which resentencing alone remains to be performed, the authority to exercise a section 170.6 challenge should hinge upon a case-by-case analysis of the level of discretion to be exercised by the judge and the degree of factfinding in which the judge will be engaged." (*Id*. at p. 1260.) Instead, in determining whether a challenge may be made under section 170.6 following reversal and remand, the analysis turns on whether the remand is for a " 'new trial' in the context of criminal proceedings." (*Peracchi*, *supra*, at p. 1249; see *id.* at pp. 1260-1261.)

Moreover, consistent with our conclusion that a postappeal Penal Code section 1172.6 proceeding does not constitute a new trial within the meaning of section 170.6(a)(2), an appellate court recently concluded that "the hearing required in Penal Code section 1172.6, subdivision (d)(3), after reversal and remand is not a 'new trial' within the meaning of section 170.6, subdivision (a)(2)," and therefore a defendant

is not "entitled to a postappeal peremptory challenge of the judge who denied the petition." (*Estrada v. Superior Court* (2023) 93 Cal.App.5th 915, 917 (*Estrada*).) In reaching this conclusion, the appellate court rejected the defendant's contention that a Penal Code section 1172.6 evidentiary hearing " 'more closely resemble[s] a "new trial" albeit a court trial than a resentencing hearing on remand from a direct appeal' because (1) the prosecution must prove beyond a reasonable doubt the petitioner is guilty of murder under the law as amended . . . , and (2) the trial court acts as an independent fact finder after considering any additional evidence offered by the parties." (*Estrada*, *supra*, at p. 924.)

The appellate court explained that, although the parties may present additional evidence and the prosecutor must prove beyond a reasonable doubt that the defendant is ineligible for resentencing, "Penal Code section 1172.6 remains a ' " 'resentencing procedure, not a new prosecution.' " ' [Citations.] The retroactive relief provided by Penal Code section 1172.6 ' "is a legislative 'act of lenity' intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to applicable criminal laws and does not result in a new trial or increased punishment." ' [Citation.] Unlike a new trial, which implicates certain constitutional protections such as the right to a jury trial, the subject hearing does not involve those constitutional guarantees. [Citations.]" (*Estrada*, *supra*, 93 Cal.App.5th at pp. 924-925.) The appellate court further reasoned that "[i]n conducting the hearing, the parties are not placed in the same position as if no trial had occurred. [Citation.]" (*Id.* at p. 925.) For example, "[t]he parties are not required to produce all testimony anew and are not foreclosed from using the jury's verdicts or findings." (*Ibid.*; see also Pen. Code, § 1172.6, subd. (d)(2), (3).)

We agree with *Estrada* and likewise conclude that a Penal Code section 1172.6 "hearing conducted after a reversal and remand of a trial court's order denying a petition for resentencing is not a 'new trial' within the meaning of section 170.6, subdivision (a)(2). Therefore, the trial court properly denied [Sandoval's] peremptory

challenge." (*Estrada*, *supra*, 93 Cal.App.5th at p. 926; see also *Torres v. Superior Court* (2023) 94 Cal.App.5th 497, 502 ["remand for further resentencing proceedings held pursuant to section 1172.6 does not constitute remand for a 'new trial' as contemplated by Code of Civil Procedure section 170.6, subdivision (a)(2)"], petn. for review pending, petn. filed Sept. 20, 2023.)

Lastly, we do not agree with Sandoval's contention that this court's remand order required "[a]ll testimony . . . [to] be produced anew" at the postappeal Penal Code section 1172.6 hearing, such that the postappeal hearing constitutes a "new trial" within the meaning of section 170.6(a)(2). Although the disposition in this court's prior opinion did not foreclose the introduction of new evidence at the postappeal Penal Code section 1172.6 hearing, the disposition by this court clearly contemplated that the trial court could consider the evidence that had already been admitted at the prior Penal Code section 1172.6 evidentiary hearing. In this regard, this court's prior opinion stated, "The matter is remanded to the superior court, *in light of the evidence elicited at the evidentiary hearing*, for reconsideration of the petition pursuant to Penal Code section 1172.6, subdivision (d)(3)." (Fn. omitted.)

In sum, Sandoval fails to demonstrate that his postappeal Penal Code section 1172.6 proceeding is a "new trial" within the meaning of section 170.6(a)(2). Accordingly, we determine that the trial court properly denied Sandoval's section 170.6 disqualification motion.

## IV. DISPOSITION

The petition for writ of mandate is denied. Upon issuance of the remittitur, this court's stay order is vacated.

15

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
LIE, J.

_____
BROMBERG, J.

*Sandoval v. Superior Court*
**H050633**

| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.:  CC651901 |

| Trial Judge: | Hon. Andrea E. Flint |

| Attorneys for Petitioner: | Molly O'Neal |
| Miguel Angel Sandoval | Public Defender |
| | William Robert Weigel |
| | Deputy Public Defender |

No appearance for Respondent

| Attorneys for Real Parties in Interest: | Jeffrey F. Rosen |
| The People of the State of California | District Attorney |
| | David R. Boyd |
| | Deputy District Attorney |

***Sandoval v. Superior Court***
**H050633**