Filed 1/27/26  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C101215 |
| Plaintiff and Respondent, | (Super. Ct. No. CR618862) |
| v. | |
| JOHN WILLIAMS III, | |
| Defendant and Appellant. | |

A jury found defendant John Williams III guilty of two counts of second degree robbery. The trial court sentenced defendant to an aggregate term of 16 years, which included an upper term sentence on one of the robbery convictions. On defendant's original appeal, another panel of this court agreed with defendant that the trial court improperly imposed the upper term based on the increasing seriousness of his prior convictions without relying on a certified record of conviction. We remanded for a full resentencing. At resentencing, relying on a certified copy of defendant's rap sheet from

1

the California Law Enforcement Telecommunications System (CLETS), the trial court determined that defendant's prior convictions were numerous and of increasing seriousness and sentenced defendant to an aggregate term of 16 years, including an upper term sentence.

On appeal, defendant contends the trial court prejudicially erred by imposing an upper term sentence in the absence of a personal jury trial waiver on the aggravating circumstance that his prior convictions were numerous and of increasing seriousness. The People agree. Given the California Supreme Court's recent decision in *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*), we agree with the parties and will remand for a full resentencing. Given this conclusion, we need not address defendant's additional claims of error.

## I. BACKGROUND

The facts underlying defendant's convictions are not relevant to this appeal, but a detailed summary can be found at *People v. Williams* (Sept. 25, 2023, C095180) [nonpub. opn.] (*Williams*).[1]

In 2021, a jury found defendant guilty of two counts of second degree robbery (Pen. Code, § 211)[2] and, as to each count, found true a personal use of a firearm enhancement (§ 12022.53, subd. (b)). The trial court sentenced defendant to a term of 16 years in prison, which included an upper term sentence on one of the robbery convictions. (*Williams, supra*, C095180.) The court selected the upper term because "defendant ha[d] a significant and increasingly serious criminal record, including seven prior felony convictions, one of which was for robbery." (*Ibid.*) On direct appeal from the judgment, defendant asserted, among other things, that following passage of Senate Bill No. 567

---

[1] On our own motion, we take judicial notice of our prior opinion in *Williams, supra*, C095180. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[2] Undesignated statutory references are to the Penal Code.

(2021-2022 Reg. Sess.) the trial court could not impose the upper term on his robbery conviction based on his increasingly serious criminal record, because it did not rely on certified records of conviction in making this finding. (*Williams, supra*, C095180.) Another panel of this court agreed, vacated defendant's sentence, and remanded for full resentencing. (*Ibid.*)

At resentencing, a certified copy of defendant's CLETS rap sheet was admitted into evidence to establish that defendant's prior convictions were numerous and of increasing seriousness. The CLETS rap sheet reflected that between 1999 and 2020 defendant had seven felony convictions: (1) a 1999 conviction for grand theft (§ 487), resulting in 36 months' probation; (2) a 2002 conviction for attempt to receive stolen property (§ 496, subd. (d)), resulting in 24 months' probation; (3) 2003 and 2009 convictions for selling counterfeit drugs (Health & Saf. Code, § 11355), each resulting in a three-year probationary term; (4) a 2015 conviction for carrying a concealed weapon (§ 25400), resulting in a 16-month prison term; and (5) 2020 convictions for making criminal threats (§ 422) and dissuading a witness (§ 136.1), each resulting in a 16-month prison term.

Defendant asked the court to impose the middle term. He filed a statement in mitigation, relating to issues of childhood trauma, mental illness, and drug use. Defendant also argued that some of his felony convictions are now "misdemeanor-type offenses."

The trial court found the mitigating circumstances defendant submitted were highly attenuated, did not appear to have a direct bearing on the commission of the crime, and were insufficient to overcome his serious prior record of convictions. The trial court sentenced defendant to an aggregate term of 16 years, including the upper term of five years on one of the robbery convictions. The court imposed the aggravated term due to

defendant's "significant and increasingly serious criminal record, including seven prior felony convictions. One of which was for robbery." [3]

## II. DISCUSSION

Defendant contends the trial court prejudicially erred by imposing the upper term on one of his robbery convictions based on an aggravating circumstance found true absent a jury trial waiver. The People agree.

### A. Jury Trial Right

Under section 1170, subdivision (b)(2), "the trial court may impose a sentence exceeding the middle term only when circumstances in aggravation of the crime justify imposition of an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt' at a jury or court trial." (*Wiley, supra*, 17 Cal.5th at p. 1078.) This jury trial right "is constitutionally required for all aggravating facts, other than a prior conviction, relied upon to justify an upper term sentence." (*Ibid*.)

As was the common practice at the time of resentencing, the trial court relied on defendant's certified record of conviction to make findings on aggravating facts in imposing an upper term sentence. After defendant's resentencing, the California Supreme Court issued its decision in *Wiley*. Relying on *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), *Wiley* concluded that "a defendant is entitled to a jury trial on *all* aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Wiley, supra*, 17 Cal.5th at p. 1086, fn. omitted, italics added; see

---

[3] We note, although the trial court indicated at both the original sentencing and the resentencing that one of defendant's prior felony convictions was for robbery, the CLETS rap sheet does not show a prior conviction for robbery. The rap sheet shows arrests for robbery and dismissals of robbery charges in 2008 and 2020, for insufficient evidence and in furtherance of justice, respectively.

*id.* at p. 1076.) *Wiley* explained that section 1170, subdivision (b), must be interpreted to comport with federal constitutional requirements as clarified by *Erlinger*. (*Wiley, supra*, at p. 1085.)

Consistent with *Erlinger* and *Wiley,* a sentencing judge may only use the information in the record of conviction for the " ' "limited function" of determining the fact of a prior conviction and the then-existing elements of that offense.' " (*Wiley, supra*, 17 Cal.5th at p. 1081, quoting *Erlinger, supra*, 602 U.S. at p. 839.) A determination that defendant's prior convictions are of increasing seriousness requires "a comparison and evaluation of the relationship among a defendant's prior convictions, and a determination as to their relative seriousness. As a result, it involves something more than a narrow factual finding that the convictions were sustained and what elements were required to prove them." (*Wiley, supra,* at pp. 1082-1083.) Thus, defendant was entitled to a jury determination on this aggravating factor.

B.      *Waiver*

Defendant must personally waive the right to a jury trial in open court. (Cal. Const., art. I, § 16.) The waiver must be explicit " 'and will not be implied from a defendant's conduct.' " (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166.) Therefore, "a '[d]efendant's failure to object also would not preclude his asserting on appeal that he was denied his constitutional right to a jury trial.' " (*People v. French* (2008) 43 Cal.4th 36, 46.) Defendant was not advised of his right to a jury trial on the aggravating facts, nor did he explicitly waive his right to jury trial on those aggravating facts. The trial court erred in imposing an upper term sentence in the absence of such a waiver.

C.    *Prejudice*

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman*[4] standard of review." (*Wiley, supra*, 17 Cal.5th at p. 1087.)  Under *Chapman*, " 'a sentence imposed under . . . section 1170[, subdivision ](b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified.' " (*Ibid.*)  "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Ibid.*)

The parties agree the record does not support the conclusion that no rational jury could have failed to find that defendant's criminal record was "significant and increasingly serious."  Applying the *Chapman* standard, we agree.

Defendant's certified CLETS rap sheet shows that between 1999 and 2020 defendant had seven felony convictions.  As in *Wiley*, none of these offenses is "strikingly more serious than the others, either by reference to the nature of the offense or the punishment." (*Wiley, supra*, 17 Cal.5th at p. 1089.)  Most of defendant's convictions were theft or drug offenses.  Contrary to the trial court's assertion, there was no prior conviction for robbery.  Each offense was alternatively punishable as a felony or a misdemeanor.  (§§ 489, 496, subd. (d), 25400, 422, 136.1, subd. (b), Health & Saf., § 11355.)  And, each offense exposed defendant to a sentencing range of 16 months, two or three years (§§ 18, 1170, subd. (h)(1)).  While the criminal threats and dissuading a witness convictions are classified as serious felonies, that designation is "simply one factor the jury could have considered" in evaluating whether defendant's crimes were of

---

[4]  *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).

increasing seriousness. (*Wiley, supra*, at p. 1090.) "Its relevance as a factor underscores that the determination is a comparative and qualitative one. These realities make it ' " 'difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court.' " ' " (*Ibid.*)

"[W]hile the evidence may have been sufficient to support a finding of increasing seriousness, that is not the proper inquiry . . . under *Chapman*. [Citation.] Instead, we must ask 'whether any rational fact finder could have come to the *opposite* conclusion.' " (*Wiley, supra*, 17 Cal.5th at p. 1090.) We conclude a rational fact finder could have come to the opposite conclusion. The failure to afford defendant a jury trial on whether his prior convictions were of "increasing seriousness" (Cal. Rules of Court, rule 4.421(b)(2)) was prejudicial. Accordingly, we must vacate defendant's sentence and remand the matter for a full resentencing.

Given this conclusion, we need not address defendant's additional claim that the abstract of judgment must be corrected to reflect the trial court's oral pronouncement of judgment relative to defendant's updated custody credits. The parties and the trial court will have the opportunity to address this issue at the time of resentencing.

## III.  DISPOSITION

The sentence is vacated, and the matter is remanded for a full resentencing. (*Perrachi v. Superior Court* (2003) 30 Cal.4th 1245, 1254-1255.)

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

BOULWARE EURIE, J.

/S/

_____

FEINBERG, J.